[No. 14659. Department Two. April 30, 1918.]

OSCAR CARLSON, *Appellant*, v. VASHON NAVIGATION
COMPANY *et al., Respondents.*[1]

APPEAL—ORDERS APPEALABLE—DENIAL OF NEW TRIAL. No appeal
lies from an order denying a motion for a new trial.

APPEAL — NOTICE — SUFFICIENCY. A notice of appeal from an
"order denying a motion for a new trial and all proceedings had
in said cause," is insufficient as a notice of appeal from the two
final judgments entered, one on dismissing certain defendants and
the other entered upon the verdict; in view of Rem. Code, § 1719,
requiring the appellant to designate with reasonable certainty from
what judgment or orders the appeal is taken.

APPEAL—NOTICE—AMENDMENT. A notice of appeal from an order
granting a new trial is not amendable to make it an appeal from
the final judgment, within Rem. Code, § 1734, allowing amendment in
matters of form, since the defect was not in form but in substance.

Appeal from an order of the superior court for Sno-
homish county, Alston, J., entered October 13, 1917,
denying a new trial, in an action for personal injuries.
Dismissed.

*Saunders & Nelson* and *E. C. Dailey*, for appellant.

*Williams & Davis, W. P. Bell, J. A. Coleman, Cooley,
Horan & Mulvihill, Hathaway, Beebe & Hathaway*, and
*J. Y. Kennedy*, for respondents.

MOUNT, J.—Respondents move to dismiss this appeal
because the order appealed from is not appealable.
The action was brought to recover against seventeen
defendants on account of personal injuries. Upon
issues made, the case was tried to the court and a jury.
After the plaintiff had introduced his evidence, all the
defendants moved the court for a directed verdict.

[1]Reported in 172 Pac. 860.

This motion was granted by the court as to all of the defendants except Donald B. McRae, the sheriff of Snohomish county, and the surety upon his official bond. Thereupon, on the 27th day of September, 1917, the court entered a judgment for costs in favor of all the defendants who were dismissed from the case, and the trial proceeded as to the other two defendants. The case was finally submitted to the jury as to the defendant Donald B. McRae and the United States Fidelity and Guaranty Company, the surety upon his official bond, and on the 1st day of October, 1917, the jury returned a verdict in favor of these two defendants. Upon the filing of that verdict on that day, a judgment was entered by the clerk in accordance with the verdict. On October 3, 1917, the plaintiff filed a motion for a new trial. This motion was heard and determined by the trial court on the 13th day of October, 1917. At that time the motion was denied. Thereafter, on the 11th day of January, 1918, the plaintiff served upon the defendants a notice of appeal to this court, which, omitting formal parts, reads as follows:

"You and each of you are hereby notified that the plaintiff Oscar Carlson above named, intends to and does hereby appeal to the Supreme Court of the State of Washington, from the order of the court denying his motion for a new trial herein, which order was made and filed on the 13th day of October, 1917.

"Said plaintiff hereby appeals from said final order and all proceedings had in said cause."

We are satisfied that the motion to dismiss must be granted. The order here appealed from is the order denying a motion for a new trial. This is not appealable. Rem. Code, § 1716.

If the appellant intended to appeal from the final judgment in the case, the notice is clearly not sufficient

under the statute, because, at Rem. Code, § 1719, it is provided that:

"The appellant in his notice of appeal shall designate with reasonable certainty from what judgment or orders, whether one or more, the appeal is taken, and if from part of any judgment or order, from what particular part."

There were two final judgments in this case: one upon the 27th day of September, 1917, in favor of fifteen of the defendants; and another upon October 1st, as to the remaining defendants. Neither of these judgments is described in the notice of appeal. The only order described is the one which was made and filed on the 13th day of October, 1917. That was the order described in the notice, namely, the order denying the motion for a new trial. The words "Said plaintiff hereby appeals from said final order and all proceedings had in said cause" refer specifically to the order of October 13, 1917, which was the order upon the motion for a new trial. This was not an appealable order. The orders from which appeals might have been taken were not described in the notice. Counsel for the appellant refers us to Rem. Code, § 1734, which provides that the court shall upon terms allow amendments in matters of form, curative of defects in proceedings, to the end that substantial justice shall be secured to the parties, etc. It is plain to be seen that this notice was not defective in form. It is defective in substance, if the appellant intended to appeal from either of the final judgments in the case. Section 1734, Rem. Code, was not intended to do away with notice within time, and it was not intended to cure defects in substance as well as form.

The order attempted to be appealed from not being an appealable order, and the notice not being sufficiently definite as to the orders which, when made,

were subject to be appealed from, the motion must be sustained and the appeal dismissed.

ELLIS, C. J., PARKER, HOLCOMB, and CHADWICK, JJ., concur.