## IN RE ESTATE OF CHRIST MIKKELSON.
## MARY ARNDT AND OTHERS, APPELLANTS.[1]

December 13, 1929.

No. 27,397.

*John J. Keefe* and *William H. Fallon,* for appellants.

*Frundt & Morse,* for Julius J. Amundson, administrator-respondent.

STONE, J.

Appeal from an order of the district court dismissing an appeal from the probate court because of defects in the notice of appeal. Its caption laid the venue of the proceeding in the probate court for the county of Blue Earth instead of the county of Faribault, where it was actually pending. It was directed properly to the administrator of the estate and to his attorneys and gave notice that the appellants were appealing "from the decree of the above

[1]Reported in 228 N. W. 174.

named probate court [in the caption indicated to be the probate court of Blue Earth county] * * * which said decrée assigned the estate of the above named deceased" to the persons named therein.

■ The statute, G. S. 1923 (2 Mason, 1927) § 8985, is that no appeal from the probate court "shall be effectual for any purpose" without the service of a notice of appeal which "shall specify the order, judgment, or decree, or such part thereof as is appealed from." In other words what is required is a notice which in and of itself, without extraneous aid, identifies the order, judgment or decree from which the appeal is attempted. In this case the notice fails in that essential. Its only reference is to a decree of the probate court of Blue Earth county made in the proceedings for the administration of the estate of Christ Mikkelson, deceased. There was no such decree and no such proceeding in the probate court of Blue Earth county. It avails nothing that the parties interested, including their attorneys, knew what decree was sought to be reviewed or that extraneous evidence would easily and conclusively identify that decree. It is immaterial that no one was misled. Jurisdiction of the appeal could not be conferred by facts extraneous to the record. The notice itself did not, as required by the statute, "specify" or identify the decree.

"A notice thus wholly defective in respect to the identification of the subject matter of the appeal is ineffectual for any purpose. It cannot be helped by proof of any extrinsic facts showing the intention of the party, nor can the defect be cured by amendment, after the time for bringing the appeal has expired." Pettingill v. Donnelly, 27 Minn. 332, 7 N. W. 360.

The notice there involved was one of an appeal from the justice court to the district court. But the same rule must apply here, for the timely service of a notice complying with the statute is jurisdictional. See also Dixon v. Watson, 41 Tex. Civ. App. 266, 91 S. W. 618; 3 C. J. 1086.

■ G. S. 1923 (2 Mason, 1927) § 9243, provides that "a notice or other paper shall be effectual though the title of the action be

omitted, or it be otherwise defective as to the designation of the court or the parties, if it intelligibly refers to the action or proceeding. In furtherance of justice, the court, on proper terms, may permit any other defect or error in the papers to be amended, and may relieve against any mischance, omission, or defect within one year after it occurs."

In this case a motion was made for leave to amend the notice of appeal within one year but after the time for an appeal from the probate court to the district court had expired. The right to an appeal cannot be granted after the expiration of the statutory period. Burns v. Phinney, 53 Minn. 431, 55 N. W. 540. The general rule is that, appeals being purely statutory, the requirements of the statute must be complied with. 1 Dunnell, Minn. Dig. (2 ed.) § 283; 3 C. J. 300. Section 9243, above quoted, was intended to relax that rule, but it cannot be carried to the extent of making good a jurisdictional defect in a statutory appeal after the time for taking the appeal has expired. Stolt v. C. M. & St. P. Ry. Co. 49 Minn. 353, 51 N. W. 1103. Until the service of a proper notice of appeal the district court has no jurisdiction for any purpose. And it cannot appropriate to itself a jurisdiction which the law does not give it by correcting or permitting the correction of a notice of appeal after the time for taking the appeal has expired. Grimes v. Fall, 81 Minn. 225, 83 N. W. 835; Graham v. Conrad, 66 Minn. 471, 69 N. W. 334.

There was a bond accompanying the notice of appeal in attempted compliance with the statute, but it fails to specify the order appealed from in the same manner the notice of appeal failed to designate it. Therefore, even though it could be referred to in aid of the notice, it would not make the latter good.

Order affirmed.

Holt, J. (dissenting).

I dissent. The notice was served upon the proper attorneys in the court of the proper probate judge who accepted the notice for filing, it reached its destination, and no one was misled.

Dibell, J. (dissenting).

I agree with Mr. Justice Holt.