**FIFTY WEST BROAD, Inc., Plaintiff-Appellant, v. POULSON, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3655. Decided October 30, 1943.

Hugh M. Bennett, Columbus, for plaintiff-appellant.
Charles S. Druggan, Columbus, for defendant-appellee.

## OPINION

By GEIGER, J.

This action is before this Court on appeal from the judgment of the Municipal Court of the city of Columbus. In that Court the case was submitted to the Judge without the intervention of a jury.

The plaintiff (Fifty West Broad, Inc.) is an Ohio corporation, organized to hold title to the American Insurance Union Building, in the city of Columbus, and is the assignee of a lease made between the defendant and Ralph H. Beaton, who was by the Federal Court appointed receiver of the premises. The lease which Beaton made pursuant to the orders of the Federal Court, was to the Democratic State Executive Committee, for a period of 25 months, beginning on the first day of December, 1936, and terminating on the 31st day of December, 1938, for a monthly rental of $400.00. This rental was paid to the receiver and his assignee for a period of 20 months, but the lessee defaulted for the last five months of the term, leaving a balance due on said rental of $2000.00.

In order that the Municipal Court might have jurisdiction the plaintiff remitted $500.00 bringing the action for $1500.00.

On May 28, 1943, on the docket of Judge Fogle, one of the Judges of the Municipal Court, the following notation was made by the Judge, "Cause called. Witnesses sworn and testified. Trial had and concluded. Court finds for the defendant and for costs."

On June 9th, a formal entry was filed by which it was ordered, adjudged and decreed by the Court "that the defendant go hence without day and recover from the plaintiff his costs herein expended * *". This was a proper final entry. On the same day a motion for a new trial was filed and overruled, and on June 10th the plaintiff-appellant "gives notice of its intention to appeal from the judgment of this Court entered on the 28th day of May, 1943. Said appeal is on questions of law only". The brief notation of May 28th was not a judgment of a Court.

There was a proper final entry under the date of June 9th, but the notice of appeal was from the "judgment" of the Court entered on the 28th day of May, when the brief memorandum was made by the Court, and was not addressed to the final entry. We, therefore, have before us no appeal from a final judgment, and on our own motion the appeal will be dismissed unless the parties avail themselves of the power of the Court under §12223-5 GC, to permit amendment of the notice of appeal to correct the error. **Couk v Guarantee Corporation, 138 Oh St 111.** We must, however, await the action of the plaintiff seeking the correction of the error. Time will be given for this.

While under this ruling there is at present nothing before us, yet in the interest of saving time, we call attention to the fact that in the trial of this action there were at least 15 exhibits and a number of depositions filed and identified. None of such exhibits is attached to the bill of exceptions and there is nothing in the bill to identify them, and there is no agreement of parties to the effect that the exhibits need not be attached because of their number and bulk or for other reasons, but may remain in proper custody to be exhibited to the Court of Appeals. All these exhibits and depositions are of importance and their examination by this Court is essential before this Court can render judgment. See **Section 11564,** Bill of Exceptions, sub-heading, "Exhibits", and cases there cited: **Armleder v Leiberman, 33 Oh St 77;** The **L. E. & W. R. R. Co. v Mackey, 53 Oh St 370;** Supply Co. v Portland Cement Co., 4 C. C. (N. S.) 225-228; Adams & Hornbeck, p. 280.

This matter is not before the Court until the error in the appeal may have been corrected.

BARNES, P. J., and HORNBECK, J., concur.