MARTHA TROWELL, Administratrix of the Estate of Allen Thomas Collins, deceased, Plaintiff Below, Appellant, v. DIAMOND SUPPLY COMPANY, a corporation of the State of Delaware, and RALPH NUTT, Defendants Below, Appellees.

(*October* 16, 1952.)

SOUTHERLAND, C. J., and WOLCOTT and TUNNELL, J. J., sitting.

*Joseph Donald Craven* for appellant.

*William Prickett* for appellees.

Supreme Court of the State of Delaware, No. 13, 1952.

SOUTHERLAND, ·C. J.:

The motion to dismiss presents two questions:

1.   Does the filing of a timely motion for a new trial after judgment in the Superior Court suspend the running of the six-month period for taking an appeal from or suing out a writ of error to the judgment?

2.   May a notice of an appeal from an order denying a new trial be treated as a notice of appeal from the judgment itself?

The facts are these:

The plaintiff below (herein "plaintiff") brought suit in the Superior Court to recover damages for the alleged negligence of defendants below (herein "defendants") resulting in the death of her intestate. A trial was had, and on December 14, 1950, a verdict was entered for defendants by direction of the court. Plaintiff gave notice of an intention to move for a new trial but made no motion to arrest or stay the entry of judgment; and in accordance with Rule 58 of the Superior Court judgment was forthwith entered upon the verdict. Within the ten-day period prescribed by Rule 59 plaintiff filed a motion for a new trial. On September 21, 1951, the Superior Court entered an order denying the motion. 7 *Terry* 318, 83 *A.* 2d 691. On March 19, 1952, plaintiff served a notice of appeal to this Court in the following form:

> "Please be advised that Martha Trowell, Administratrix of the Estate of Allen Thomas Collins, deceased, the appellant in the above-entitled cause, is appealing from the order of Honorable James B. Carey, one of the judges of the Superior Court sitting for New Castle County, dated September 21, 1951, denying her motion for a new trial."

On May 19, 1952, plaintiff filed her brief in this Court from which it appears that the sole error assigned is the action of the trial court in directing a verdict for the defendants on the ground that there was no evidence of defendants' negligence.

On June 2, 1952, defendants moved to dismiss the appeal, and on June 4, 1952, plaintiff moved to amend the notice of appeal so as to make it applicable to the judgment of December 14, 1950, instead of to the order of September 21, 1951, denying the motion for a new trial.

The first question presented concerns the construction and effect of the provisions of Article IV, Sec. 25, of our State Constitution limiting the time for writs of error from this Court to the Superior Court. (This limitation is equally applicable to proceedings taken by notice of appeal. *Supreme Court Rule* 23.)

So far as is here applicable the provisions of Section 25 read as follows:

> "No writ of error shall be brought upon any judgment heretofore confessed, entered or rendered, or upon any judgment hereafter to be confessed, entered or rendered, but within six (6) months after the confessing, entering or rendering thereof; * * *."

The jurisdiction of this Court, under Article IV, Sec. 11, of the Constitution, to review "all matters in error in the judgments and proceedings" of the Superior Court is limited to the review of final judgments, as at common law. *Woolley, Delaware Practice*, Sec. 856; *Hession v. Wilmington*, 2 *Marv.* 1, 42 *A.* 422. We are to determine the date as of which the judgment below became "final" within the meaning and intent of the rule thus engrafted by judicial interpretation upon the language of the constitution.

It is the general rule that a timely motion for a new trial suspends the running of the appeal period. Thus in 3 *Am. Jur.*, Sec. 435, it is said:

> "Where the statute provides in general terms that the appeal or proceedings in error shall be instituted within a certain time from the rendition or entry of the judgment or decree, it is the general rule that where a motion for a new trial or rehearing is seasonably made, the time is to be computed from the date of the denial of the motion, and not from the date of the rendition or entry of the judgment or decree, where the motion was necessary to the consideration in the appellate court of the questions involved. The reason for this rule is that the character of finality does not attach to the judgment or decree until the motion has been decided."

This is the prevailing rule in the federal courts whose appellate jurisdiction, as a general rule, extends to the review of final judgments only. In *Kingman & Co. v. Western Mfg. Co.,*

170 *U. S.* 675, 18 *S. Ct.* 786, 787, 42 *L. Ed.* 1192, it appeared that a judgment in the Circuit Court for the District of Nebraska had been entered against the appellant on verdict of a jury on June 4, 1895. There was a timely motion for a new trial which was denied on December 11, 1895. Appellate proceedings were taken to the Circuit Court of Appeals in January 1896, and thereafter the appellee filed a motion to dismiss because more than six months (the statutory period for appeals) had intervened between the date of the judgment and the appeal. The appeal was dismissed, but on *certiorari* the Supreme Court of the United States reversed. Chief Justice Fuller said:

"At common law, motions for new trial were made before judgment, but under the statutes of many of the states judgment is entered at once on the return of the verdict, and the motion for new trial made afterwards.

"By section 5889 of the Compiled Statutes of Nebraska applications for new trial must be made at the term when the verdict is rendered (except on the ground of newly-discovered evidence), and within three days after verdict, unless unavoidably prevented.

"The motion for new trial in this case was filed within three days after the return of the verdict, and seasonably within the rule of the state statute, or the common-law rule, and, it is said, within the rule enforced by the United States courts in that district. No leave to file it was required, and as it was entertained by the court, argued by counsel without objection, and passed upon, it must be presumed that it was regularly and properly made. This being so, the case falls within the rule that, if a motion or a petition for rehearing is made or presented in season and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of. Until then the judgment or decree does not take final effect for the purposes of the writ of error or appeal. *Aspen Mining & Smelting Co. v. Billings,* 150 *U. S.* 31, 14

*S. Ct.* 4 [37 *L. Ed.* 986]; *Voorhees v.* [*Noye*] *Manufacturing Co.*, 151 *U. S.* 135, 14 *S. Ct.* 295 [38 *L. Ed.* 101]; *Brockett v. Brockett*, 2 *How.* 238, 249, 11 *L. Ed* 251; *Texas Pacific Railway Co. v. Murphy*, 111 *U. S.* 488, 4 *S. Ct.* 497 [28 *L. Ed.* 492]; *Memphis v. Brown*, 94 *U. S.* 715 [24 *L. Ed.* 244]; [*Northern Pacific*] *Railroad Co. v. Holmes*, 155 *U. S.* 137, 15 *S. Ct.* 28 [39 *L. Ed.* 99]."

It is to be noted that under the Nebraska practice followed by the Circuit Court judgment was entered at once on the return of the verdict, as is usually done under the present rules of the Superior Court.

■ Defendants seek to distinguish the federal cases by pointing to the federal statutes referred to in Chief Justice Fuller's opinion, but we think they do little more than embody common law principles. The rule that the judgment is not final for the purpose of appeal so long as the court below has under consideration a motion for a new trial, which may result in the vacation of the judgment, seems to us to comport with orderly procedure and the constitutional intent that a litigant defeated in the lower court shall have the full period of six months for appeal after the case has been finally disposed of in the lower court following a timely application under Rule 59.

■ It is quite true that the adoption of the 1948 rules of the Superior Court has resulted in a change in the practice respecting the entry of judgment. Under the former practice the judgment entered on the verdict was a judgment *nisi* (*Woolley* Sec. 771); whereas under the present practice the judgment may be considered as final for some purposes, since Rule 62(b) appears to contemplate the possibility of immediate execution or proceedings to enforce the judgment and the stay thereof in the discretion of the trial court. It is also true, as pointed out by defendants, that the Superior Court Rules contain no provision tolling the time for appeal upon the filing of a motion for a new trial; and, say defendants, since the source of the Superior Court Rules was in great part the Federal Rules of Civil Pro-

cedure, 28 U. S. C. A., the omission is significant. It is to be doubted whether the tolling provisions contained in the recent amendment to Rule 73 of the Federal Rules[1] does anything more than embody the law theretofore evolved by the federal courts, above referred to. However this may be, the omission from the Superior Court Rules of a rule similar to the present Rule 73 of the Federal Rules seems to us without significance, since it may be inferred that the Superior Court deemed the question to be one to be settled by this Court in the exercise of its appellate jurisdiction.

Because of the change in the practice of entering judgments in the Superior Court, the provisions of Rule 62 of that court respecting executions, and the specific language of the constitution referring to judgments "entered or rendered," the matter is certainly not free from doubt; but we prefer to apply the general rule that a judgment is not appealable until a timely motion for a new trial has been decided, for the reason that so long as that motion is pending the lower court retains jurisdiction of the cause, and, for the purpose of appeal, the character of finality does not attach to the judgment. To hold otherwise would place a defeated litigant, in a case where the statutory period of limitation is consumed by the trial court in the disposition of a motion for a new trial, in a serious dilemma as the expiration of the period approaches.

We accordingly hold that for the purpose of computing the period of six months prescribed by the constitution for writs of error to the Superior Court, the filing of a timely motion for a new trial suspends the running of the period of limitation and that it begins to run from the entry of the order denying the motion.

The second question concerns the construction and effect of the notice of appeal from the order of September 21, 1951, denying the motion for a new trial.

---

[1]Approved by the Supreme Court of the United States December 27, 1946.

Rule 5 of this Court provides for two methods of taking appeals from judgments of the lower court to this Court. In addition to recognizing the old practice of the filing of a praecipe and the issuance of a writ of error and citation, the rule permits an appeal to be begun "by serving a notice of appeal in duplicate in the form hereinafter specified" upon the appellee's attorney and obtaining his acceptance and acknowledgment of service thereof.

Paragraph (4) of this rule provides:

"The notice of appeal shall specify the party or parties taking the appeal; shall designate the decree, judgment, or order, or part thereof, sought to be reviewed; and shall name the court from which the appeal is taken."

■ The form of the notice is quoted above. It is clear and unambiguous. It describes the order appealed from by its date and by its purport. On March 21, 1952, the date of the expiration of the six-month period of limitation, the plaintiff had perfected an appeal from the order of the Superior Court denying a new trial and had failed to perfect an appeal from the judgment itself. An appeal from an order denying a motion for a new trial is necessarily an appeal quite limited in scope, since it must be based on an abuse of discretion of the trial court in denying the motion. *Cf. Philadelphia B. & W. R. R. Co. v. Gatta,* 4 *Boyce* 38, 85 *A.* 721, 47 *L. R. A., N. S.,* 932. Nevertheless the right to appeal from such an order on that ground exists. *Bringhurst v. Harkins,* 32 *Del.* 324, 330, 122 *A.* 783. It therefore cannot be said that there is any mistake or ambiguity apparent from a comparison of the notice itself with the record of the case.

■ In this state, as in most states, the appellate jurisdiction of the Supreme Court rests wholly on the perfecting of an appeal within the period of limitation fixed by law. In *Casey v. Southern Corp.,* 26 *Del. Ch.* 447, 29 *A.* 2d 174, 176, Chief Justice Layton said:

"The right to a review in an appellate tribunal exists only when and to the extent provided in the Constitution

and laws of this State. *Elbert v. Scott,* 5 *Boyce* 1, 90 *A.* 587. It is not an inherent or inalienable right; and the general rule is that an appellate court is without jurisdiction to hear an appeal unless the proceeding therefor is filed within the time allowed by the governing law or rule of court."

In the construction and application of a statute or rule providing for the perfecting of an appeal by the filing or service of a notice of appeal and requiring the notice to specify the judgment appealed from, it is generally held that if the specification of the judgment or order appealed from is clear and unambiguous, it is binding on the appellant and is ineffectual to bring up for review any judgment or order other than that specified.

Rule 5(4) of this Court is similar to the provisions of Rule 73 of the Federal Rules respecting the form of the notice of appeal. A case arising under Rule 73 and directly in point here is that of *French v. Jeffries,* 161 *F.* 2d 97, 98. Judgment below had been entered on July 2, 1946, and thereafter appellant moved to vacate the judgment. This motion was denied on October 7, 1946. Notice of appeal was filed on November 25, 1946, the language of which specified an appeal "from the final decree entered on October 7, 1946, overruling [the] motion to vacate or modify the decree entered July 2, 1946".

Appellant contended that the notice of appeal was sufficiently broad to cover an appeal from the original judgment. The court rejected this contention, saying:

"It seems absurd to contend that appellant by this notice intended to appeal from the decree of July 2, 1946. It is clear to us that that part of the notice, following the date 'October 7, 1946,' merely described those portions of the court's ruling on that date which were objectionable to appellant."

The court also said:

"* * * to accept her construction of her language would be a clear violation of the Federal Rules of Civil Procedure, as well as of the rules of this court, which require that she should specify and designate the decree or decrees from which she desires to appeal, and no such appeal shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

The court held that it was without jurisdiction to entertain the appeal. See also *American Fork & Hoe Co. v. Stampit Corp.*, 6 *Cir.*, 125 *F.* 2d 472, and *Carter v. Powell*, 5 *Cir.*, 104 *F.* 2d 428.

For cases in the state courts holding to the same effect, and also holding that a notice of appeal may not be amended after the expiration of the period of limitation, see the following: *Lavalle v. Skelly*, 90 *N. Y.* 546; *In re Mikkelson's Estate*, 178 *Minn.* 601, 228 *N. W.* 174; *Lee v. Gram*, 105 *Or.* 49, 196 *P.* 373, 27 *A. L. R.* 1001; *In re Burnt River Water Rights*, 116 *Or.* 525, 241 *P.* 988; *Carlson v. Vashon Nav. Co.*, 102 *Wash.* 75, 172 *P.* 860.

Appellant cites the cases of *Safeway Stores, Inc. v. Coe*, 78 *U. S. App. D. C.* 19, 136 *F.* 2d 771, 148 *A. L. R.* 782, and *Sobel v. Diatz*, 88 *U. S. App. D. C.* 329, 189 *F.* 2d 26. In these cases, as in the case of *United States v. Ellicott*, 223 *U. S.* 524, 32 *S. Ct.* 334, 56 *L. Ed.* 535, cited in the *Safeway* case, the notices of appeal did not, as here, specify the nature of the judgment or order appealed from, and the reviewing courts apparently treated the notices as embodying a mere mistake in specification of the date.

Moreover, in Delaware the practice of proceeding under Rule 5 of this Court by way of notice of appeal requires the voluntary acceptance of such notice by the appellee, since his right to insist upon the issuance of a writ of error to the Superior Court appears to be embedded in our Constitution. Art. IV, Sec. 11. Such a notice, the validity of which depends upon consent, may not be expanded to mean something it does not say, nor may it be amended by the court over the appellee's objection. This is not to say that an obvious ambiguity might not be resolved by the court; but this case is not of that kind.

■ We are of opinion that the plaintiff, having elected in clear and unambiguous language to appeal from the order of September 21, 1951, denying the motion for a new trial, is bound by the notice of appeal. We are further of opinion that for the reasons above given the notice may not be amended. It follows that there is nothing before us except the ruling of the court denying the motion for a new trial on the ground that the plaintiff's evidence was insufficient to show negligence on the part of the defendants.

■ It is settled that except for abuse of discretion the denial of a motion for a new trial is not appealable. *Philadelphia B. & W. R. R. Co. v. Gatta, supra; cf. Bringhurst v. Harkins, supra.* Plaintiff charges no abuse of discretion, nor could such a charge be sustained. It follows that the order of September 21, 1951, is not appealable.

The appeal must be dismissed.