317 P.2d 562

The ARIZONA CORPORATION COMMIS-SION and William T. Brooks, Mit Simms, and John H. Barry, as members of and constituting said Commission, Appellants,

v.

PACIFIC MOTOR TRUCKING COMPANY, a corporation, Appellee.

No. 6509.

Supreme Court of Arizona.

Oct. 22, 1957.

Robert Morrison, Atty. Gen., Gordon Aldrich, Asst. Atty. Gen., and W. Francis Wilson, Phoenix, for appellants.

Evans, Hull, Kitchel & Jenckes, and Earl H. Carrol, Phoenix, for appellee.

JOHNSON, Justice.

Plaintiff-appellee, Pacific Motor Trucking Company, instituted an action in the Superior Court against defendants-appellants, Corporation Commission of the State of Arizona, to vacate and set aside an order of the Commission. Judgment was rendered in favor of plaintiff, Pacific Motor Trucking Company, and defendants, Corporation Commission, filed a purported notice of appeal. A motion to dismiss the appeal was filed on the grounds that it is an attempt to appeal from a non-appealable order, and did not comply with Rule 73(e), Rules of Civil Procedure, 16 A.R.S. A ruling on this motion, it appears to us, will be determinative of the appeal. It is a matter of considerable importance and we therefore believe we should depart from our ordinary custom of determining motions without written opinions.

The facts which are not in dispute reveal that the court, after a trial on the merits, determined that the plaintiff was entitled to the relief sought, and did on April 23, 1957, enter the following minute entry order:

"It is ordered, adjudged and decreed that that certain order of the Corporation Commission of the State of Arizona made and entered by said Corporation Commission on the 3rd day of August, 1955, in its opinion and order, Docket No. 1861–S–811, Decision No. 29148, be and the same is adjudged to be arbitrary, unreasonable, unlawful, and void, and the certificate of convenience and necessity issued by virtue of said opinion and order is contrary to law and void, and

"It is further ordered that said opinion and order of August 3, 1955, Decision No. 29148, and the certificate of public convenience and necessity issued by virtue thereof be and the same is annulled, vacated, and set aside."

That thereafter on May 17, 1957, a formal written judgment, which had been served on counsel for the defendants, was signed and entered of record in the office of the Clerk of the Superior Court.

That on June 1, 1957, the defendants filed a notice of appeal to this court, which reads as follows:

"Notice is hereby given that the above-named defendant, Arizona Corporation Commission, et al, appeals to the Supreme Court of the State of Arizona from that certain Order made and entered in the above-entitled cause in the Superior Court of the State of Arizona, in and for the County of Maricopa on the 23rd day of April, 1957 wherein defendants' opinion and Order, Docket No. 1861–S–811, Decision No. 29148, given on the 3rd day of August, 1955 was ordered annulled, vacated and set aside by the Superior Court."

The defendants do not contend that the minute entry order of April 23, 1957, is an appealable order and it is apparent that it is not for the reason that it is not a final judgment, and under the provisions of Rule 58(a), Rules Civil Procedure, a formal written judgment was required. Consolidated Stage Co. v. Corporation Commission, 66 Ariz. 75, 182 P.2d 937.

It is fundamental that appeal is a matter of statutory privilege rather than a right. No one has a natural right to appeal from a decision of the Superior Court but appeal is statutory, and to give the Supreme Court jurisdiction, terms and requirements of statute must be strictly complied with. Barth v. Apache County, 18 Ariz. 439, 162 P. 62; Vol. 2, Am.Jur., Appeal & Error, section 6.

The sole question for our determination is whether the notice of appeal filed by the defendants is sufficient as an appeal from the judgment entered in this case on May 17, 1957, and meets the requirements of Rule 73(e), supra. Rule 73(e) reads in part as follows:

"Notice of appeal. The notice of appeal shall specify the parties taking the appeal and shall designate the judgment, order or part thereof appealed from. * * *"

This rule is definite and explicit in its requirements. It requires a notice which in and of itself identifies the judgment or order from which the appeal is taken.

The defendants contend that it was their intention to appeal from the judgment of May 17, 1957, but there is nothing in the language of the notice of appeal which indicates such an intention; and to accept defendant's contention would be a clear violation of Rule 73(e), supra, which requires that the notice of appeal designate the judgment or order appealed from.

The language of the notice of appeal, which is quoted above, is clear and unambiguous. It described the order appealed from by its date and by its purport. It states that the defendants appeal from that "certain order made and entered * * * on the 23rd day of April, 1957", and it does not mention or in any way refer to the judgment entered on the 17th day of May, 1957, as required by Rule 73(e), supra.

In Trowell v. Diamond Supply Co., 8 Terry, Del., 422, 91 A.2d 797, 801, it was held that where the notice of appeal was from an order which was not appealable, it was ineffectual to bring up for review any other judgment or order than that specified in the notice. The court stated regarding the statute relating to the contents of the notice of appeal, similar to Rule 73(e), supra, as follows:

"In the construction and application of a statute or rule providing for the perfecting of an appeal by the filing or service of a notice of appeal and requiring the notice to specify the judgment appealed from, it is generally held that if the specification of the judgment or order appealed from is clear and unambiguous, it is binding on the appellant and is ineffectual to bring up for review any judgment or order other than that specified."

See also: Fifty West Broad, Inc., v. Poulson, Ohio App., 57 N.E.2d 685; Berman Realty Co. v. Lawson, Ohio App., 69 N.E. 2d 373; Schmidt v. Townsend, 103 Cal.App. 2d 185, 229 P.2d 488; Carlson v. Vashon Nav. Co., 102 Wash. 75, 172 P. 860; and In re Mikkelson's Estate, 178 Minn. 601, 228 N.W. 174.

We therefore hold that the document which purported to take an appeal from the minute entry order of April 23, 1957, was so specific in its reference to that order and to the date of its entry, that it cannot be given any effect as an appeal from the judgment of May 17, 1957.

Motion to dismiss appeal is granted.

UDALL, C. J., and PHELPS, J., concur.

WINDES, Justice (dissenting).

Justice STRUCKMEYER and I feel that this appeal should not be dismissed. One of the principal purposes of the new rules of civil procedure is to dispose of cases on the merits, irrespective of technical, harmless errors. Under the federal rules, which are the same as ours on this subject, it is well established that errors of the character involved herein will be ignored when the appellee has been neither misled nor harmed. Bates v. Batte, 5 Cir., 187 F.2d 142, certiorari denied 342 U.S. 815, 72 S.Ct. 29, 96 L.Ed. 616; Hoiness v. United States, 335 U. S. 297, 69 S.Ct. 70, 93 L.Ed. 16; State Farm Mutual Automobile Insurance Company v. Palmer, 350 U.S. 944, 76 S.Ct. 321, 100 L. Ed. 830, reversing, 9 Cir., 225 F.2d 876.

The Bates case and the State Farm Mutual case presented the same question as that before us in this case. In the former the court of appeals held [187 F.2d 143] "that the defects in the appeal are not sufficiently substantial to deprive us of jurisdiction." In the latter case the court of appeals dismissed the appeal and the supreme court of the United States reversed on the authority of Hoiness v. United States, supra.

Unquestionably, appellant committed technical error but since the final appealable judgment was in existence at the time the appeal was taken and it was the same as the order designated in the notice of appeal, no one could have understood it as other than an intention to test the validity of the final judgment. We do not think this court should be so hypertechnical as to refuse to hear the merits of this appeal and risk the danger of a resulting injustice. Our view is the appeal should not be dismissed.

STRUCKMEYER, J., concurs in this dissent.