SARAH L. TYNDALL, Defendent Below, Appellant, v. MELVIN M. TYNDALL, Plaintiff Below, Appellee.

*(October* 25, 1965)

WOLCOTT, Chief Justice, HERRMANN, Justice, and SEITZ, Chancellor, sitting.

*Claud L. Tease* of Tease, Faulkner & Dunlap, for appellant.

*Robert W. Tunnell* of Tunnell & Raysor and Ralph S. Baker, for appellee.

Supreme Court of the State of Delaware

No. 40, 1965.

WOLCOTT, Chief Justice.

This is an appeal from an order vacating an order dismissing on its merits a husband's action for divorce and granting a new trial.

The facts are that the husband filed an action for divorce. Some two months later the wife filed an action for divorce against her husband. Subsequently, a pretrial conference in both divorce actions was held at which the possibility of a property settlement was discussed. Nothing apparently resulted along this line and, ultimately, it was concluded that the husband's action would be tried first.

The trial of the husband's action took place and lasted over into a second day. At the conclusion of the taking of testimony the trial judge ruled that the husband had not met his burden of proof by a preponderance of the evidence, and had failed to establish constructive

desertion. The petition was accordingly ordered to be dismissed.

Thereafter followed some discussion between Court and counsel as to whether or not an appeal would be taken by the husband from the decision thus rendered, apparently with the thought that the trial of the wife's action for divorce should await the termination of any appellate proceedings. In the course of this discussion, at which apparently the litigants were present, counsel for the husband stated for the record that during the lunch hour a discussion had taken place between the trial judge and counsel as to the meaning of a statute of this State authorizing a division of real estate in the event of a divorce, there apparently being some question as to whether or not a wife would be entitled to such a division in the event of the grant of a divorce on the husband's application.

Following this, the trial judge stated that the question of the division of property had not entered into his decision in the husband's action at all, and that the dismissal of that action was based solely upon the failure of the husband to discharge the burden of proof cast upon him. Thereupon, the Prothonotary entered on the docket a notation of the dismissal of the action.

On the following day, at the direction of the Court, the Prothonotary notified counsel to appear before the Court on the next following day. At that time the Court vacated the dismissal of the husband's action and re-calendared the case for trial.

The reason given by the trial judge for this action was that he had reached the conclusion that counsel for the husband was under the impression that the question of division of property had had some influence on his decision to dismiss the action. He again stated, however, that that question had had no bearing whatsoever upon his decision. However, in view of the fact that the litigants had overheard the exchange of remarks between him and counsel, and in view of his fear that they might have such an opinion, he had concluded to vacate the order dismissing the action.

From the order vacating the dismissal, the wife appeals to this Court.

Law courts in Delaware have long had the inherent power to vacate, modify or set aside their judgments or orders during the term in which they were rendered. 1 Woolley on Delaware Practice, Sec. 838. This power has been reaffirmed by present Rule 59 (c) of the Superior Court *Del. C.* Ann. providing that within 10 days after the entry of judgment the Court on its own initiative "may order a new trial for any reason for which it might have granted a new trial on motion of a party."

It therefore appears that the Court in the instant case had the inherent power to strike its judgment dismissing the action and to order a new trial provided the reasons assigned for such action were such as might have been urged to the Court on motion for a new trial made by a losing party.

Applications to the Superior Court for new trials are addressed to the sound discretion of the Court. *Philadelphia B. & W. R. Co. v. Gatta,* 4 Boyce 38, 27, Del. 38, 85 A. 721, 47 L.R.A.,N.S., 982. We think that the grant of a new trial by the Court *sua sponte* under Rule 59 (c) is an excerise of that same discretion. This being so, appeals to this Court from either the grant or denial of a motion for a new trial, or from an order entered by the Court on its own motion, may be reviewed by us solely to determine whether or not the judicial discretion of the Court has been abused. *Trowell v. Diamond Supply Co.* 8 Terry 422, 423, 47 Del. 422, 91 A.2d 797.

The appellee suggests that the grant of a new trial in this case came about because the trial judge had changed his mind upon the evidence offered and had concluded that his decision was against the weight of that evidence. This, of course, is a customary ground asserted in support of a motion for a new trial. We think, however, that the suggestion made by the appellee was explicitly rejected by the trial judge, himself. We reach this conclusion because of the repeated statements by him in the proceedings that his decision dismissing the

action was based upon the failure of the husband to prove the allegations of the petition. Furthermore, the trial judge on at least two occasions in the proceedings stated that the case was being re-calendared for trial because of his fear that the litigants held a different view as to the reason for the decision.

■ We are of the opinion that the grant of a new trial for the stated reason was an abuse of sound judicial discretion. The discussion between the Court and counsel in the presence of the parties took place after the Court's ruling that the husband had failed to prove his case. Thereafter followed once or twice the Court's statement that this failure, alone, was the reason for the decision.

We do not think the asserted reason i. e., a possible missunderstanding in the minds of the parties, is sufficient to justify the vacating of a judgment entered after full litigation of the issues. The sole result of the upholding of the order for a new trial would be to force the parties to relitigate that which has already been litigated and decided without recognition of any error in the proceedings.

■ Since we are of the opinion that there was no legal justificiation for the striking of the judgment in favor of the defendant and the granting of a new trial, it follows that such action by the trial court was a misapplication of the law governing the grant of new trials. As such, it amounts to an abuse of judicial discretion and will be reversed on appeal. *Pitts v. White,* 10 Terry 78, 49 Del. 78, 109 A.2d 786.

By reason of the foregoing, a mandate will issue directing the trial court to strike its order vacating the order dismissing the action and granting a new trial with instructions to enter a judgment or dismissal of the action.

Since we have not reviewed this matter on the merits, the mandate to be issued will further direct that the appeal time available

to the plaintiff will commence to run as of the day the order vacating the dismissal is entered.