**Walter Woodbury JUDAH, Defendant Below, Appellant,**

**v.**

**The STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Nov. 2, 1967.

Richard A. Paul, Asst. Public Defender, Wilmington, for defendant below, appellant.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

The defendant appeals from his conviction of manslaughter arising from an automobile accident in which two men were killed. The indictment charged, *inter alia,* that the defendant drove his motor vehicle while under the influence of intoxicating liquor.

During the jury trial, the State presented the testimony of the State Chemist as to a urine analysis and his conclusion therefrom that the defendant was under the influence of intoxicating liquor. The

defendant objected to the admission of the evidence but the Trial Judge overruled the objection, stating that it went to weight rather than admissibility. This appeal raises the narrow question of the correctness of that ruling.* We agree with the Trial Judge.

The pertinent facts are undisputed: The defendant was injured in the accident. He was taken to the Memorial Division of the Wilmington Medical Center, a public hospital. As part of the routine physical examination of the defendant, in connection with his admission to the hospital, an orderly took a specimen of the defendant's urine in a "small stainless steel urine container" for ordinary hospital analysis. The police officer investigating the accident was present at the time. The orderly transferred part of the specimen from the steel container to a bottle; and the police officer simultaneously did likewise. It was the contents of the officer's bottle that was analyzed by the State Chemist.

◼ The defendant argues that the urine analysis, and the expert opinion based thereon, were inadmissible because the State failed to present prima facie proof that the steel container was empty, clean, and uncontaminated before it was used by the orderly. We cannot agree with this contention.

◼ There is a well established presumption that, in the absence of evidence to the contrary, those responsible for certain services to the public will carry out their duties in a proper, careful, and prudent manner. This presumption has been applied to a doctor who withdrew blood for testing in a drunken driving case, State v. Auger, 124 Vt. 50, 196 A.2d 562 (1963); and to

a police officer who administered a chemical "drunkometer" test in a similar case, State v. Greul, 59 N.J.Super. 34, 157 A.2d 44 (1959). See also Eisentrager v. State, 79 Nev. 38, 378 P.2d 526 (1963). The presumption has also been made applicable to doctors and dentists generally, John Hancock Mut. Life Ins. Co. v. Plummer, 181 Md. 140, 28 A.2d 856 (1942); and to public officials generally, Shellburne, Inc. v. Roberts et al., Del., 224 A.2d 250, 253 (1966).

We can see no valid reason why the same presumption of careful and proper performance of duty should not apply to an orderly in a public hospital while engaged in the regular course of his employment. In their relationship to the public, orderlies in public hospitals, like others attending patients personally therein, hold a position of trust and confidence as to their training, ability, and prudence. That relationship is sufficient, in our opinion, to give rise to the presumption of due care here under consideration. Implicit in a withholding of the presumption from public hospital orderlies would be a contradiction of that relationship of trust and confidence. Such contradiction, in our view, would be unreasonable and unwarranted.

◼ Therefore, we hold in the instant case that, in the absence of evidence to the contrary, the orderly at the hospital, engaged in the regular course of his duties, is presumed to have performed those duties properly; and this would include the presumption that the orderly saw to it that the container he used for the specimen was empty, clean, and otherwise suitable for the tests involved. By reason of such presumption, there was no burden upon the State to introduce evidence as to the proper

*This appeal was taken from the denial of the motion for new trial. Technically, this would bring up for review only the question of whether the Trial Court abused its discretion in denying that motion. Trowell v. Diamond Supply Co., 8 Terry 422, 91 A.2d 797 (1952). The reference to the sentence in the notice of appeal does not change the situation because the scope of such appeal is limited to the legality of the sentence. However, in order to determine the important question briefed and argued in this criminal case, we have decided to proceed to a consideration and determination of the merits of the question.

condition of the container, in the absence of evidence to the contrary. Accordingly, there was no error in admitting in evidence the analysis and opinion based thereon.

The defendant relies upon State v. Erdman, 64 Wash.2d 286, 391 P.2d 518 (1964) and State v. Baker, 56 Wash.2d 846, 355 P.2d 806 (1960). The *Erdman* case is inapposite because the attack on the accuracy of the blood test in that case involved the conduct of an identified person. The *Baker* case is distinguished because there the defendant produced evidence to impugn the test. In the instant case, the defendant presented no such evidence.

For the reasons stated, we find no error in the judgment below. It is affirmed.