401 P.2d 163

Ira J. BERGMAN, Appellant,

v.

Mary Ann BERGMAN, Appellee.*

No. 1 CA–CIV 12.

Court of Appeals of Arizona.

April 15, 1965.

Rehearing Denied May 13, 1965.

Review Denied June 22, 1965.

Patrick W. O'Reilly, Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, by John J. Flynn, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal from the decision of the Superior Court of Maricopa County, awarding custody, support and alimony to

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 462. The matter was referred to this Court pursuant to Section 12–120.23, A.R.S.

the plaintiff wife. The husband, defendant below, brings this appeal.

The parties were married in 1959, and separated 27 months later. The wife was awarded the custody of a minor child, with specified rights of visitation in the husband, and support payments in the amount of $200 per month, and alimony in the amount of $20 per month. The husband appeals the award and the plaintiff wife contests the appeal, and also claims that the court is without jurisdiction in that notice of appeal was not timely filed. Before we consider the merits of the case, we must discuss the questions raised by defendant concerning the timeliness of the appeal.

This matter was tried in Maricopa County by a visiting Judge, the Honorable Gordon Farley, Judge of the Superior Court in and for the County of Santa Cruz. Trial was held without a jury on the 18th and 19th days of January, 1961, both parties being represented by counsel, after which the following events took place:

Decree of Divorce, including findings of fact and conclusions of law.

| | |
|---|---|
| Dated | 15 February, 1961 |
| Filed | 17 February, 1961 |

Motion to Amend Judgment and the Alternative Motion for New Trial

| | |
|---|---|
| Dated | 27 February, 1961 |
| Filed | 27 February, 1961 |
| Mailed to attorney for plaintiff | 27 February, 1961 |

Letter from Judge Farley directing Clerk to enter an order denying the Motion to Amend and for new trial

| | |
|---|---|
| Dated | 28 April, 1961 |
| Filed | 9 May, 1961 |

Notice of Appeal

| | |
|---|---|
| Dated | 6 July, 1961 |
| Filed | 6 July, 1961 |
| Mailed to attorney for plaintiff | 6 July, 1961 |

Cost Bonds

| | |
|---|---|
| Dated | 5 July, 1961 |
| Filed | 6 July, 1961 |

———◆———

If the appeal was not timely made, we have no jurisdiction to hear this matter. Harbel Oil Company v. Steele, 80 Ariz. 368, 298 P.2d 789 (1956); Marquez v. Rapid Harvest Company, 89 Ariz. 62, 358 P.2d 168 (1960). In the instant case, the decree of divorce which included findings of fact and conclusions of law was signed by the Superior Court Judge on the 15th of February, 1961, and was filed in the office of the clerk of the Superior Court of Maricopa County on the 17th of February, 1961. The Rules of Civil Procedure [1] provide that a notice of appeal must be filed within 60 days from *entry* of judgment or within 60 days from entry of certain orders, 73(b), 16 A.R.S. Included among these orders are these denying a motion under Rule 52(b) to amend

1. The rules governing this case are the rules as they were in effect prior to the extensive amendments which were effective 31 October, 1961.

or make additional findings of fact [73(b) (2) (ii)] or from an order denying a motion for new trial under Rule 59 [73(b) (2) (iv)]. In the instant case, then, both the motion for new trial and the alternative motion to amend or make additional findings of fact having been timely made, the *sixty day time limit on appeal would not* commence to run until sixty days from the entry or filing of the order denying the said motions, unless there is another rule to the contrary.

In the case of the motion for new trial, however, there is another rule, Rule 59(e), which states as follows:

" * * * Motions for new trial shall be determined within twenty days after *rendition* of judgment, and if not so determined shall be deemed denied, unless continued by order of the court, or by stipulation." 59(e), Rules of Civil Procedure. (Emphasis added.)

Rule 59(e) is a rule peculiar to Arizona. It is not part of the Federal Rules of Civil Procedure, and this court has been unable to find any cases from other jurisdictions interpreting this rule. Fortunately, we are not called upon in this decision to determine when a judgment is "rendered" in a situation such as this, where the judgment is signed out of county by an out of county judge who has heard the case as a visiting judge, and which judgment is later filed in the county in which the trial was held. If we take what we feel to be the more logical view, that the judgment is rendered in a county when the judgment is filed in that county, then the motion for new trial having been made within ten days of the filing or entry was made in time. The California Court of Appeals has discussed this matter as follows:

"The 'decision' in a case tried without a jury normally consists of written findings of fact and conclusions of law, separately stated, and filed with the clerk; (citation omitted) such 'decision' is the actual determination of the lawsuit. The judgment is the formal expression and evidence of that deci-

sion and should be *entered* in conformity with it (citation omitted). The judgment is deemed *rendered* when the *decision* is filed; * * *." Gossman v. Gossman, 126 P.2d 178, 185 (1942).

It is not until after a decision has become known to the parties that they can ascertain whether they want a new trial or not and even though the judgment was dated and signed by the Superior Court Judge in Santa Cruz County on 15 February, it was not filed and we feel "rendered" in Maricopa County until 17 February.

In any event, the motion for new trial not having been ruled upon within the twenty day period from the *rendition* or *entry* of judgment is deemed denied, and the sixty day time period would commence to run on that day, which would mean that the notice of appeal based upon the denial of the motion for new trial (under Rule 59(e)) would have to be filed no later than 8 May, 1961. This the defendant failed to do and the appeal based upon the order denying motion for new trial must be dismissed as not having been timely made.

This brings us to the second motion and notice of appeal. The alternative motion was to amend the findings and to make new findings of fact. Under Rule 52(b) this motion must be made ten days after the *entry* of judgment (as opposed to rendition of judgment) (see also Rule 59(*l*)) and the motion may be made with a motion for new trial pursuant to Rule 59. This motion having been made ten days after the entry of judgment was timely made.

The argument is made that having joined the motion to amend with the motion for new trial, that 59(e) should also apply to the motion to amend and that therefore the motion to amend not having been ruled upon by the court is deemed denied twenty days after judgment. We do not agree. No cases are cited to support this view nor have we been able to find any. These are alternative motions and we do not feel that by joining the motions that the motion for new trial can restrict the time for determin-

**212**

ing the motion to amend any more than the motion to amend can extend the time for determining the motion for new trial. The motions were made in the alternative and both must stand or fall on the particular rules applicable to each motion.

The motion to amend having been timely made, we must now look to the order denying that motion. The court, by letter, directed the Clerk of the Maricopa County Superior Court to enter an order denying the motion to amend and for new trial. The letter was dated 27 April, 1961, and said letter was filed and minute entry made on 9 May, 1961. Our Supreme Court has stated as follows:

> "The effective date of such orders and judgment is the *date* of notation in the civil docket. In the instant case the appeal was timely taken, notice of appeal having been given *within sixty days from the entry* of the order denying the motion for a new trial." Harbel Oil Company v. Steele, 81 Ariz. 104, at page 106, 301 P.2d 757, at page 758 (1956). (Emphasis added.)

■ The entry of the order denying the motion to amend having been made 9 May, 1961, the notice of appeal filed 6 July, 1961, (within 60 days of entry of the order) is good as to the appeal from the order denying defendant's motion to amend judgment, under Rule 52(b), but is not good as to the order denying defendant's motion for new trial, under Rule 59(c).

This brings us to the merits of the case, in which the defendant raises three questions: (1) The custody of the child. (2) The amount of support payments for the child. And, (3) the amount of the alimony awarded. We shall take the question of the custody of the child first.

■ The child, a boy, was approximately two years old at the time of the divorce decree. The court found, as a fact, that both the plaintiff and defendant were fit and proper persons to have custody of said child. As a conclusion of law, the court stated:

> "2. That the court is bound under the provisions of Section 14–846(B) A.R.S.1956, to award custody of the minor child of the parties to the plaintiff with reasonable visitorial rights to the defendant."

Section 14–846(B), A.R.S. states as follows:

> "B. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child is of tender years, it shall be given to the mother. If the child is of an age requiring education and preparation for labor or business, then to the father."

This statute (14–846) is under Guardian and Ward, in title 14 of the Code, "Decedants' Estates and Fiduciary Relations." Defendant urges most strenuously that this provision of the Code which was adopted from the California Probate Code, does not necessarily apply to the court in its determination of child custody in the divorce action, and urges further, that the court should have made a specific finding to the effect that the best interest and welfare of the child would be served by awarding custody to the wife. We do not agree. That A.R.S. § 14–846(B) is applicable to child custody matters resulting in divorce is clear from the statements of our Supreme Court. In a case involving the custody of a child, our court stated:

> "The declared policy of this state, as announced by the legislature, is that the age of the minor child is a significant consideration in determining custody. See A.R.S. § 14–846, Subd. B." Ward v. Ward, 88 Ariz. 130, 136, 353 P.2d 895, 899 (1960).

The Arizona Court quoted § 14–846(B) in its entirety at page 137 of 88 Ariz. 130, at page 900 of 353 P.2d 895, Ward v. Ward, and stated further:

> "It is clear from the quoted language that the policy of this state is to recognize the rights and duties of *both* divorced parents in the upbringing of

a minor child, and to take into account the fact that the age of the child may substantially affect the nature of those rights and duties. While still in infancy, the child is entitled to its mother's care and devotion." Ward v. Ward, at 137, 353 P.2d at 900.

And,

"Of course, the statutory preference * * * on these facts is limited by the phrase—'other things being equal'. Whether 'other things' are equal is a question of fact, the most important aspect of which is whether both parents are fit and proper persons to have custody of the child. That is, if neither parent is found to be unfit, and if the welfare of the child does not clearly demand otherwise, 'other things' are equal, and the policy declared by the statute should be adhered to." Ward v. Ward, at 138, 353 P.2d at 901.

The court below having found that both the plaintiff and defendant were fit and proper persons to have custody of the minor child, the child being of tender years, in this case about two years old, the court followed both the statute and the cases in awarding the primary custody of the minor child to the wife, and we will not disrupt that decision unless it is clearly shown to be improper.

"The primary consideration in custody cases is the welfare of the children. The trial judge is in the best position to determine what is best for the children and unless it clearly appears that he has mistaken or ignored the evidence, this court will not disturb his decision. McFadden v. McFadden, 22 Ariz. 246, 196 P. 452; Bradstreet v. Bradstreet, 34 Ariz. 340, 271 P. 717; Ward v. Ward. [88 Ariz. 130, 353 P.2d 895]." Galbraith v. Galbraith, 88 Ariz. 358, 356 P.2d 1023 (1960).

Having awarded primary custody of the minor child to the wife, the court was perfectly proper in awarding an amount as and for support of the minor child. It could also award an amount as and for alimony. After a review of the evidence we find no breach of discretion in either the award or the amount of alimony or child support payments.

This court will not attempt to substitute its judgment for that of the Superior Court. Unless it can be shown that the lower court abused its discretion, we will not interfere with the amount of alimony and child support. Henning v. Henning, 89 Ariz. 330, 362 P.2d 124 (1961). Our court has further stated:

"It is established in this jurisdiction that the awarding of support and maintenance for the wife is addressed to the sound discretion of the trial court, and this court will not interfere with such discretion unless it is clear that some injustice has been done." Cummings v. Lockwood, 84 Ariz. 335, 337, 327 P.2d 1012, 1014 (1958).

The decision of the lower court is hereby affirmed.

JACK D. H. HAYS, Judge of Superior Court, concurring.

STEVENS, Chief Judge (concurring specially).

I agree with the majority that the decree of divorce became a judgment upon the filing thereof with the Clerk of the Court in Maricopa County, and that time computations began as of that date. I agree that the motion for new trial was denied by operation of law twenty (20) days after the effective date of the judgment, that is the date that the same was filed with the Clerk of the Court, since the time for the ruling on the motion was not "continued by order of the court, or by stipulation." Rule 59(e). I am unable to agree with the majority in its decision relative to the motion to amend.

When a case is tried to the court without a jury or is determined by the court as a matter of law, a motion for new trial is not an essential prerequisite to a full appeal.

**214**

McClinton v. Rice, 76 Ariz. 358, 265 P.2d 425 (1953).

Rule 52(b) relating to motions to amend judgments provides in part:

"When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the superior court an objection to such findings or has made a motion to amend them or a motion for judgment."

Therefore, in this case, it was at the defendant's election rather than as a matter of necessity that the after judgment motions were filed. The defendant could have filed either motion without the other and he elected to file both. I specifically refrain from expressing any opinion as to the presence or absence of time elements in relation to a motion to amend the judgment where that motion alone is filed.

Rule 52(b) authorizes the filing of both a *motion to amend* and a *motion for a new* trial and in that connection provides:

"The motion may be made with a motion for a new trial pursuant to Rule 59."

To my mind, this language can have but a single interpretation which is that if a party elects to follow a judgment with the dual approach of a motion for a new trial and a motion to amend, then the time table set forth in Rule 59 relating to a motion for a new trial also governs the motion to amend. It is my opinion that the motion to amend was denied by operation of law on the same date and for the same reason that the motion for new trial was denied by operation of law. It is my opinion that the appeal was not timely taken and that this Court is without jurisdiction.

In the event that I am in error in my conclusions relative to the motion to amend, then I concur in the balance of the opinion of the majority. I concur in the affirmance of the judgment.

NOTE: Judge FRANCIS J. DONO-FRIO having requested that he be relieved from consideration of this matter, Judge JACK D. H. HAYS was called to sit in his stead and participate in the determination of this decision.