411 P.2d 174

**ASSOCIATES FINANCE CORPORATION,**
a corporation, Appellant,

**v.**

Gene SCOTT and Leola Scott, husband and
wife, et al., Appellees.

No. 2 CA–CIV 177.

Court of Appeals of Arizona.

Feb. 25, 1966.

Rehearing Denied March 29, 1966.

Review Denied May 10, 1966.

**2**

Ted Pedersen, Tucson, for appellant.

Hirsch & Pakula, by Arthur L. Hirsch, Tucson, for appellees.

MOLLOY, Judge.

Appellees, plaintiffs below, have moved this court to dismiss an appeal brought by the defendant, appellant herein, on the ground that the appeal was not timely and that therefore this court lacks jurisdiction to entertain the appeal.

■ It is well-settled that where an appeal is not timely filed, the appellate court acquires no jurisdiction other than to dismiss the attempted appeal. Harbel Oil Company v. Steele, 80 Ariz. 368, 298 P.2d 789 (1956); Bergman v. Bergman, 1 Ariz. App. 209, 401 P.2d 163 (1965).

A jury verdict against appellant (defendant below) was rendered on April 5, 1965 and on this date the following minute entry order was made by the court:

"IT IS ORDERED that the Pltf. prepare formal written Judgment including the Clerk's Judgment for Jury fees."

A written judgment was submitted by the appellees for the court's signature on April 12, 1965 and was signed by the court on April 23, 1965. On April 15, 1965 appellants filed a motion to set aside verdict and for judgment notwithstanding verdict and, in the alternative, motion for a new trial. On May 3, 1965 a hearing was had on appellant's motions and a minute entry made as follows:

"HEARING ON MOTION FOR ATTORNEY'S FEE, MOTION FOR NEW TRIAL AND ALL PENDING MATTERS:

"On stipulation of Counsel,

"IT IS ORDERED that all pending motions be *submitted* on the memorandum that has been filed." (Emphasis added)

On June 28, 1965 the following minute order was made:

"Under Advisement:

"It is Ordered that the Defendant Associates Finance Corporation's Motion to Set Aside Verdict and for Judgment Notwithstanding Verdict, and, in

the alternative, Motion for New Trial are denied.

"It is Ordered that the Plaintiffs' Motion for Order Determining Amount of Attorney's Fees is denied."

The appellant's notice appeal was filed July 13, 1965. Rule 73(b) R.Civ.P., 16 A.R.S. provides:

"Notice of appeal; bond on appeal; cross appeal; time; computation. 1. When an appeal is permitted by law to the supreme court, it shall be perfected by notice filed with the superior court within sixty days from the entry of the judgment or order appealed from, * * *

"2. The time for appeal is extended by a timely motion made pursuant to any of the Rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such Rules:

"(i) Granting or denying a motion for judgment under Rule 50(b).

* * * * * *

"(iv) Denying a motion for a new trial under Rule 59."

■ Neither the verdict of April 5, 1965, nor the minute entry directing the preparation of a written judgment entered on that date constituted a valid judgment or order from which an appeal could be taken. A.R.S. § 12–2101; Rule 58(a) R.Civ.P.; State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964). Therefore, the earliest possible date for commencement of the sixty day period for perfecting an appeal, according to Rule 73(b), would be April 23, 1965, the date judgment was signed by the judge of the superior court. Rule 58(a) R.Civ.P.

■ However, the provisions of Rule 73(b) (2) extending the time for perfecting an appeal became effective with the appellant filing a motion for new trial under Rule 59(d) and a motion to set aside verdict and for judgment notwithstanding the verdict under Rule 50(b). The fact that the motions were filed subsequent to the verdict but prior to judgment does not render the motions ineffectual. Dunahay v. Struzik, 96 Ariz. 246, 393 P.2d 930 (1964); Sadler v. Arizona Flour Mills Co., 58 Ariz. 486, 121 P.2d 412 (1942).

Extensions for the time within which an appeal may be perfected are further considered in Rule 59(e) wherein it is provided:

"Time for determination of motion. Motions for new trial shall be determined within twenty days after rendition of judgment, *and if not so determined shall be deemed denied, unless continued by order of the court, or by stipulation.*" (Emphasis added)

■ If this rule is applicable, the motion for new trial was "* * * deemed denied * * *" on May 13, 1965, i. e., twenty days after April 23, 1965.[1] If so, simple calculation reveals that the sixtieth and final day for perfecting an appeal under this provision would have been July 12, 1965. Bergman v. Bergman, 1 Ariz. App. 209, 401 P.2d 163 (1965). Under this reasoning, it would appear that this appeal, perfected by the filing of an appeal bond on July 16, 1965, was not timely.

■ Appellant, however, contends that the consideration of the motion for new trial was continued by the May 3d minute entry (supra) and hence not "* * * deemed denied * * *" under Rule 59(e) at the end of twenty days. Appellant bases this contention on the assertion that this minute entry was one, in effect, taking the motion "under advisement." While we

---

1. The minute entry of June 28, 1965 would not be effective to deny the motion, as an order denying a motion for new trial is an appealable order, A.R.S. § 12–2101, subsec. F, par. 1, is, therefore, a "judgment," Rule 54(a) R.Civ.P., and, as such, must be in writing and signed by the judge in order to be valid. Rule 58(a) R.Civ.P.; State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964).

**4**

agree that an order taking a motion for new trial under advisement is effective as a continuance under Rule 59(e), thereby extending the time within which an appeal may be perfected under Rule 73(b) (2), Zugsmith v. Mullins, 81 Ariz. 185, 303 P. 2d 261 (1956), List v. Wilkinson, 23 Ariz. 262, 203 P. 333 (1922), we are unable to agree that appellant's motion was in fact taken under advisement.

█ The minute entry of May 3, 1965, quoted above, speaks for itself. It is clear and unambiguous. We agree with State v. Anders, 1 Ariz.App. 181, 400 P.2d 852 (1965), that: "The minutes of the trial court speak for themselves, and are not, except in case of ambiguity, to be amplified or explained by extraneous evidence." (1 Ariz.App. 181, 184, 400 P.2d 852, 855 (1965).) The minute entry of May 3d clearly is not an order taking appellant's motions under advisement but is one submitting the matters at issue for immediate decision. Nor does the minute entry of June 28th have that effect nunc pro tunc. Black v. Industrial Commission, 83 Ariz. 121, 317 P.2d 553, 70 A.L.R.2d 1119 (1957). To permit orders of this character to have retrospective application would leave the time when an appeal must be taken in utter confusion, and would emasculate the " * * * deemed denied * * * " provision in Rule 59(e).

Therefore, we are of the opinion that the submission of the motion for new trial on May 3, 1965 did not extend the time for perfecting an appeal so as to render this appeal timely.

█ This concludes the matters raised by the motion to dismiss appeal, and the response thereto but is not dispositive of other issues which readily suggest themselves. This court is bound to consider questions of its own jurisdiction on its own motion. Ginn v. Superior Court, In and For County of Pima, 1 Ariz.App. 455, 404 P.2d 721 (1965); Christian v. Cotten, 1 Ariz.App. 421, 403 P.2d 825 (1965).

Appellant did not move the trial court solely for a new trial. A motion to set aside verdict and for judgment notwithstanding verdict was also filed, and this is a Rule 50(b) motion. Rule 73(b) (2) (i) provides as noted above that the time for appeal is also extended by the filing of such a motion. There is no counterpart rule, analogous to Rule 59(e), denying such motions by operation of law.

█ Rule 59(e) is unique to Arizona, Bergman v. Bergman, 1 Ariz.App. 209, 401 P.2d 163 (1965), and is the successor to a statute in existence in this state prior to the adoption of the present rules of civil procedure. The rule specifically designates "motions for new trial" and, along with the majority of the court in Bergman, we do not consider it proper that these plain words be extended by judicial interpretation to other motions filed with a motion for a new trial, though such a result would bring about more consistent results. Therefore, following Rule 73(b), we hold that the timely filing of the Rule 50(b) motion extended the time to perfect appeal and that a full sixty days was available to appellant after the denial of this motion on June 28, 1965.[2] Accordingly, the appeal taken on July 16, 1965 was not untimely.

However, the question remains as to whether the particular notice of appeal is effective to appeal from the judgment of April 23, 1965. As noted above, a verdict was rendered in the matter before us on April 5th, but judgment was not entered until April 23d. Appellant's notice of appeal reads as follows:

"Comes now Defendant * * * and gives notice hereby that the above-named Defendant appeals to the supreme court of the state of Arizona

2. An order denying a motion to set aside a verdict and for judgment notwithstanding the verdict is not an appealable order. A.R.S. § 12-2101; In re Thompson's Estate, 1 Ariz.App. 18, 398 P.2d 926 (1965).

Hence, such orders are not "judgments," Rule 54(a) R.Civ.P., and therefore need not be in writing and signed by the judge in order to be valid. Rule 58(a) R.Civ.P.

from the judgment entered in the above-entitled court in the above-entitled action on the *5th day of April, 1965*, in favor of the above-named plaintiffs and against the above-named defendants, and from the whole thereof; and from the order made and entered in the above-entitled action on the 28th day of June, 1965, denying Defendant ASSOCIATES FINANCE CORPORATION'S Motion to Set Aside Verdict and for Judgment Notwithstanding Verdict, and, in the alternative, Motion for New Trial." (Emphasis added)

Appellant has clearly designated the minute entry of April 5th directing preparation of a judgment and not the judgment of April 23d. This question of improper designation of the judgment or order appealed from arose in the case of the Arizona Corporation Com'n v. Pacific Motor Truck Co., 83 Ariz. 135, 317 P.2d 562 (1957). There a minute entry order preliminary to a written judgment was designated in the notice of appeal rather than the subsequent written judgment. Our Arizona Supreme Court held in that case that the defect was fatal. The court said:

"It is fundamental that appeal is a matter of statutory privilege rather than a right. No one has a natural right to appeal from a decision of the Superior Court but appeal is statutory, and to give the Supreme Court jurisdiction, terms and requirements of statute must be strictly complied with. Barth v. Apache County, 18 Ariz. 439,

162 P. 62; Vol. 2, Am.Jur., Appeal & Error, section 6.

\* \* \* \* \* \*

"This rule is definite and explicit in its requirements. It requires a notice which in and of itself identifies the judgment or order from which the appeal is taken."

83 Ariz. 135, 137, 317 P.2d 562, 564 (1957)

 While we are in sympathy with the view expressed by Windes, J., dissenting in the same case, on the ground that the decision was "hypertechnical" and contrary to the spirit of our rules of procedure, we consider the decision, nevertheless, to be directly in point and therefore controlling in this case. In defense of the result reached,[3] however, it should be pointed out that the defendant has had its "day in court," before an impartial judge, and, in this case, before a jury. Were appellate procedures to grind the result reached into a finer grist, there would be no absolute assurance that the result would be any closer to perfect justice. With appellate courts laboring to overcome a substantial backlog, it is perhaps appropriate that rules permitting entrance to appellate review be strictly construed.

Summarizing, the notice of appeal having designated (1) a nonexistent judgment, (2) an order denying a motion for judgment n. o. v., which is not an appealable order (see note 2, supra), and (3) an ineffective (see note 1, supra) order denying a motion for new trial, which motion for

---

3. That our Supreme Court has followed the holding of Arizona Corporation Com'n v. Pacific Motor Truck Co., supra, as late as October 6, 1964 is indicated in an opinion released by Division One of this court, Patch v. Buros, et al., 100 Ariz. —, 410 P.2d 703, filed February 9, 1966. In this decision, our counterpart refers to an order made by the Supreme Court in its cause No. 8410, presumably an appeal also denominated Patch v. Buros, et al., which order granted a motion to dismiss the appeal. The Court of Appeals, Division One, comes to the conclusion that the Supreme Court's order was based

on the same defect as deemed crucial to this appeal:
"The above sequence of events, together with matters presented on oral argument persuades us to assume that the Supreme Court's order of 6 October 1964, dismissing the appeal in its cause number 8410 was entered for the reason that there was an attempt to appeal in relation to the minute entry of 24 January and that there was not a timely appeal in relation to the formal order of 31 January granting the motion for new trial."

new trial had previously, more than sixty days prior to the perfecting of the appeal, been denied by operation of law, we hold there is no jurisdiction in this court to entertain this appeal and the motion to dismiss must be granted.

Appeal dismissed.

KRUCKER, C. J., and HATHAWAY, J., concurring.