419 P.2d 552

The CITY OF TUCSON, a municipal corporation, Appellant,

v.

Jennie WONDERGEM, surviving spouse of Peter Wondergem, deceased, Appellee.

2 CA–CIV 308.

Court of Appeals of Arizona.

Nov. 2, 1966.

Gordon S. Kipps, City Atty., Tucson, by Jay M. Abbey, Asst. City Atty., for appellant.

Rees, Estes & Browning, by William D. Browning, Tucson, for appellee.

PER CURIAM.

An appeal was taken to this court by the City of Tucson from a minute entry order of superior court, Pima County, granting a new trial to the appellee and vacating the judgment theretofore entered. On September 9, 1966, we dismissed this appeal on our own motion for the reason that the order appealed from was not an appealable order, hence we were without jurisdiction to entertain the appeal. Arizona Corporation Commission v. Pacific Motor Trucking Co., 83 Ariz. 135, 137, 317 P.2d 562 (1957).

It is well settled under our Rules of Civil Procedure that a judgment or order from which an appeal is allowed, to be effective for purposes of appeal, must be in writing and signed by a judge. State v.

Birmingham, 96 Ariz. 109, 112, 392 P.2d 775 (1964); Blackman v. Associates Loan Co., 1 Ariz.App. 11, 12, 398 P.2d 919 (1965).

Appellant, subsequent to our dismissal of its appeal, procured a formal signed order on September 26, 1966, which conformed to the requirements of Rule 58(a), as amended, Arizona Rules of Civil Procedure, 16 A.R.S. Thereafter on September 28, 1966, a joint motion was filed by appellant and appellee, requesting this court to reinstate the dismissed appeal. We are denying the motion, and in order to clarify the problem, we deem it of sufficient importance to warrant a written opinion.

■ An appeal is perfected by filing a notice of appeal and bond for costs on appeal within sixty days from *entry* of the judgment or order appealed from, with certain exceptions not pertinent here. Rule 73(b), as amended, Arizona Rules of Civil Procedure. We are cognizant of the fact that appellate courts have permitted entry of judgments nunc pro tunc to validate a premature appeal. See 6 Moore, Federal Practice §§ 54.41 and 58.08 (2d ed.). However, the Supreme Court of Arizona has heretofore indicated in Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 45, 365 P.2d 208 (1961), the procedure we will follow in this jurisdiction.

■■ Dismissal of an appeal terminates the proceedings in this court, leaving the matter still pending before the lower court for entry of final judgment. When this final step in the proceedings below is accomplished, and a timely appeal is thereafter taken, if the parties consent to such a course, the second appeal may be heard on the record and briefs prepared for the first appeal, supplemented by the final judgment. Stevens v. Mehagian's Home Furnishings, Inc., supra.

■ The time for perfecting an appeal commences to run in accordance with Rule 73(b), as amended, in this case from September 26, 1966, the date the effective judgment was filed. See Mageary v. Hoyt, 91 Ariz. 41, 44, 369 P.2d 662 (1962). To permit otherwise would operate to defeat the entire purpose of the amendment of Rule 58(a), i. e., to fix the crucial act of entry of judgment for computation of the time within which an appeal may be taken.

■ Consent of the parties cannot confer jurisdiction upon this court. Ginn v. Superior Court, In and For County of Pima, 1 Ariz.App. 455, 457, 404 P.2d 721 (1965). Appeal being a matter of statutory privilege rather than a right, statutory provisions establishing jurisdictional requirements must be strictly complied with to achieve entrance to appellate review. Associates Finance Corporation v. Scott, 3 Ariz.App. 1, 411 P.2d 174, 178 (1966). Accordingly, the motion is denied.

However, upon timely perfection of an appeal from the final judgment, we will attempt, if requested by the parties thereto, to accelerate the second appeal and consider the record and briefs, if any, prepared for the dismissed appeal.