442 P.2d 564

Walter S. ASHLEY and Charlotte B. Ashley, husband and wife, Appellants,

v.

Albert J. KRAMER and the Walt S. Ashley Co., Inc., an Arizona corporation, Appellees.

No. 1 CA–CIV 570.

Court of Appeals of Arizona.

June 11, 1968.

Rehearing Denied July 23, 1968.

Review Denied Sept. 26, 1968.

Snell & Wilmer by Arthur P. Greenfield, Robert C. Bates, Phoenix, for appellants.

Bentley & Reiss by Barry A. Reiss, Phoenix, for appellees.

STEVENS, Judge.

There are two major issues in relation to this appeal, one is a procedural problem and the other is claimed error in the judgment based upon the findings of fact. The appellants were the plaintiffs in the Superior Court.

## THE PROCEDURAL PROBLEM

The present attorneys for the appellants were not the attorneys who represented them in the Superior Court. The present attorneys were substituted as the attorneys of record after the first appeal in relation to this matter was lodged with the Court of Appeals. During the pendency of the first appeal, the appellees made a motion to dismiss and the Court being of the opinion that the first appeal was premature, the Court entered an order on 9 December 1966 dismissing the appeal without prejudice. The entire record was returned to the Superior Court. In the order of dismissal the Court of Appeals recognized the then recent decision in the case of City of Tucson v. Wondergem, 4 Ariz. App. 291, 419 P.2d 552, decided on 2 November 1966. The *Wondergem* decision encouraged the use of the record which was prepared for the first appeal in conjunction with the second appeal where the first appeal was dismissed by reason of procedural problems. The order of dismissal was entered prior to the Arizona Supreme Court decision in the case of Eaton Fruit Company v. California Spray-Chemical Corporation, 102 Ariz. 129, 426 P.2d 397, which opinion was rendered on 13 April 1967. *Eaton Fruit* authorized the suspension of an appeal pending the perfection of the record. It is our opinion that where an appeal is dismissed without prejudice, the jurisdiction which is then vested in the Superior Court is much broader than the authority which the Superior Court would have under an order merely suspending the appeal as outlined in *Eaton Fruit*. In *Wondergem*, the Court stated (4 Ariz.App. at 292, 419 P.2d at 553) "Dismissal of an appeal terminates the proceedings in this Court, leaving the matter still pending before the lower court for entry of final judgment". We do not construe this statement as one which limits the action which the Superior Court can take and we express the opinion that after a dismissal without prejudice, complete jurisdiction is returned to the Superior Court to take such action as could have been taken under the rules had there been no prior unsuccessful attempt to appeal.

In the case which we have under consideration, after the record was returned to the Superior Court, both sides actively engaged the jurisdiction of the Superior Court in relation to the original findings of fact, conclusions of law and judgment. In these additional proceedings in the Superior Court neither side questioned the jurisdiction of that Court to undertake a decision relative to their respective contentions. Eventually and on 19 January 1967, the trial court entered findings of fact and conclusions of law and also executed a formal written judgment, all of which documents were then filed. In our opinion, a detailed recitation of the procedures undertaken in the Superior Court would tend to confuse rather than to clarify the case

law in relation to this technical phase of appellate court jurisdiction.

There was a timely notice of appeal following the entry of the 19 January 1967 judgment. The present appeal was then lodged in this Court. Portions of the record in the former appeal were transferred to the present appeal and the matter became at issue upon the completion of the filing of the briefs. Just prior to the day set for oral argument on the merits, the appellees again urged that the appeal be dismissed urging an absence of jurisdiction by reason of the claimed failure to appeal within the 60 days required by the rules. This motion was argued at the time of the argument on the merits and a supplemental memorandum was filed by the appellants. In view of the fact that we hold that the 19 January 1967 judgment is the appealable judgment, the motion to dismiss is denied.

## THE MERITS OF THE APPEAL

This case was tried without a jury. There was no court reporter at the trial. As above indicated, the trial court made and entered findings of fact and conclusions of law. On appeal, findings of fact are sustained unless they are clearly erroneous. In this connection, Rule 52(a) of the Rules of Civil Procedure, 16 A.R.S., states in part, as follows:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses."

Prior to the transaction which is the subject matter of the Superior Court action, the plaintiffs were the principal owners of the stock in The Walt S. Ashley Co., a corporation. The major business of the Ashley Company was the printing of giant-sized postcards. In May and June of 1962, the defendant Kramer purchased all of the corporate stock of the Ashley Company and, as a portion of the purchase price, agreed to transfer an equity in an automobile to the plaintiffs which transfer of possession was accomplished. Kramer, believing that he had been defrauded in the sale, retook possession of the automobile and it was sold. The plaintiffs then sued Kramer for conversion and Kramer counterclaimed for damages and fraud. The ultimate judgment allowed the plaintiffs no recovery and judgment was entered in favor of Kramer in the sum of $25,100.

The appellants urge that the findings of fact do not constitute a legal basis for recovery and they further urge that the trial court rendered judgment on an erroneous theory of proof of damages.

As to the findings of fact, the appellants urge that the trial court based its judgment upon a claimed fraudulent representation as to the law and assert that there can be no right to rely upon a layman's representation as to the law in an arms-length business transaction. The crux of this argument is found in the following findings of fact entered by the trial court:

"5. That prior to May 25, 1962, and at the time that Ashley offered to sell his stock in the Company to Kramer, Ashley made certain representations to Kramer, as follows:

"(a) that said Post Cards then being produced by the Company were suitable and acceptable for mailing without folding or wrapping at any place in the continental United States and more particularly in the Phoenix, Arizona, and Seattle, Washington areas;

"(b) that there were no postal rules, regulations or directives known to Ashley which would prohibit the mailability of said Post Cards;

"(c) that Ashley had contacted the United States Post Office authorities in Phoenix, Arizona, and had received assurances from them that all of said Post Cards may be sent through the United States mail as flat pieces.

\* \* \* \* \* \*

"7. That each and all of said representations were false and fraudulent, and made by Ashley for the specific purpose

of inducing Kramer to rely upon such representations and for the further purpose of inducing Kramer to purchase Ashley's shares of stock in the Company; that Kramer did rely upon said representations to his detriment; and that under all of the circumstances Kramer had a right to rely upon same.

"8. That Ashley knew that said representations were false in that Ashley had theretofore received specific instructions from the Postmaster at Phoenix, Arizona and said Post Cards would not be accepted for mailing; that because of their size said Post Cards could not be handled as flat pieces; that to ensure delivery in good condition would require special handling which the United States Post Office was not prepared to render; that the Phoenix office of the United States Post Office had received written communications from the Director, Classification and Special Services Division, Bureau of Operations, Washington, D.C. which specifically prohibited the mailing of such Post Cards unless they first be rolled or crated, or boxed; that the nature and extent of these communications from Washington, D.C. were made known to Ashley by the Phoenix Postmaster; that as a special consideration to Ashley the United States Post Office would permit Ashley to mail a limited number of said Post Cards depicting the Phoenix scenes, but restricted to those Post Cards which had already been ordered from Tyler Printing Company, Phoenix, Arizona.

"9. That on or about the 9th day of July, 1962, Kramer received a written communication from the United States Post Office advising him that said Post Cards would no longer be acceptable for mailing at any post office.

"10. That prior to July 9, 1962, Kramer had no information, knowledge or belief that the United States Post Office had in any manner whatsoever restricted the mailing of said Post Cards in the continental United States nor of any Post Office Department Memoranda coming into or going out from the Phoenix office of the United States Post Office regarding the mailability of said Post Cards."

In our opinion we need not decide whether a knowing fraudulent misrepresentation of the law may be the basis of a claim for relief based upon fraud. We hold that the findings in subsection c, quoted above, constitute a false representation of a material fact and are not a false representation as to the law.

We have not quoted all of the findings of fact which we find to satisfy the standard essential elements of fraud under the law of the State of Arizona. See Nielson v. Flashberg, 101 Ariz. 335, 419 P.2d 514 (1966) for a statement of the essential elements of fraud.

In relation to the measure of damages, the Court made the following further finding:

"14. That Kramer's aggregate out-of-pocket loss (reported on his personal Income Tax Return for the year 1962—Exhibit No. 13) as related to The Walt Ashley Company, Inc. and as reflected in the books and records of said Company, was the sum of Twenty-five Thousand One Hundred Dollars ($25,100.00); that Kramer has not received reimbursement for any part of said loss."

It is urged that in Arizona, recovery for fraud is governed by the "Benefit of the Bargain Rule". Packard Phoenix Motor Company v. McRuer, 41 Ariz. 450, 19 P.2d 332 (1933), and Lutfy v. R. D. Roper & Sons Motor Company, 57 Ariz. 495, 115 P.2d 161 (1941). It is further urged that the trial court's findings are insufficient to warrant a benefit of the bargain recovery. This contention was considered in the case of Cole v. Gerhart, 5 Ariz.App. 24, 423 P.2d 100 (1967). The court stated (5 Ariz.App. at 27, 423 P.2d at 103): "We do not consider the *Lutfy* decision to be

authority eliminating recovery of consequential damage beyond loss of bargain". We hold that "consequential damage" is a proper measure of damages in a fraud action and that the defrauding party may not limit the proof of damages to the benefit of the bargain, a type of proof which at times may be difficult to present.

The judgment is affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.