Roxy J. ROBBINS, Appellant,

v.

Colleen J. ROBBINS, Appellee.

No. 6109.

Supreme Court of Alaska.

July 9, 1982.

As Amended July 14, 1982.

Loren Domke, Juneau, for appellant.

Theron J. Cole, Christianson, Stahla & Cole, Sitka, for appellee.

Before BURKE, C. J., CONNOR, MATTHEWS and COMPTON, JJ., and DIMOND, Senior Justice.*

## OPINION

DIMOND, Senior Justice.

Roxy (Rocky) Robbins and his wife, Colleen, were divorced in a California court on August 19, 1966. The divorce judgment was interlocutory under California law with respect to the marital relation.[1] Rocky was ordered to pay Colleen for the support of their four children, $125 on the first and fifteenth days of each month.[2]

On September 3, 1980, Colleen filed a petition to register the California judgment in the superior court at Sitka, Alaska, under the Uniform Enforcement of Foreign Judg-

ments Act, AS 09.30.200–.270.[3] In the petition Colleen alleged that Rocky had not paid the child support installments, as provided for in the divorce judgment, from June 1, 1969, through and including August 15, 1980.[4] A notice of the filing of the foreign judgment was mailed on September 3, 1980, to Rocky at his then known address.[5] Thereafter, on September 25, 1980, the superior court issued a writ of execution and levy was sought on Rocky's fishing vessel, the F/V VALRAY. The writ was returned unserved on October 20, 1980.[6]

On October 13, 1980, Rocky filed a motion for relief from the foreign judgment and to quash the writ of execution. On March 23, 1981, the superior court, after reviewing both supporting and opposing documents, denied Rocky's motions. Rocky subsequently filed a motion for reconsideration, which was also denied. This appeal followed.

Rocky argues that the interlocutory judgment of the California court must first be reduced to a final judgment before it can be registered and executed upon under the Uniform Act. Colleen contends that the

---

* Dimond, Senior Justice, sitting by assignment made pursuant to article IV, section 11 of the Constitution of Alaska, and Alaska R.Admin.P. 23(a).

1. The interlocutory decree was made final on September 11, 1980.

2. The parties' Property Settlement Agreement, which was incorporated into the interlocutory decree, provides in part:

   [Rocky] shall pay to [Colleen] as and for the support and maintenance of the minor children, the sum of $62.50 per child per month, payable $125.00 on the 1st and 15th day of each month, commencing July 1, 1965 and each month thereafter.

3. AS 09.30.200 provides:

   Filing and status of foreign judgments. A copy of a foreign judgment authenticated in accordance with the Act of Congress or the laws of this state may be filed in the office of the clerk of the superior court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the superior court. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of the supe-

rior court and may be enforced or satisfied in like manner.

4. The total amount shown to be unpaid, which is a combination of the total child support plus interest, is $43,954.21.

5. AS 09.30.210(b) provides:

   Promptly upon the filing of the foreign judgment and the affidavit, the clerk shall mail notice of the filing of the foreign judgment to the judgment debtor at the address given and shall make a note of the mailing in the docket. The notice shall include the name and post office address of the judgment creditor and the judgment creditor's lawyer, if any, in this state. In addition, the judgment creditor may mail a notice of the filing of the judgment to the judgment debtor and may file proof of mailing with the clerk. Lack of mailing notice of filing by the clerk shall not affect the enforcement proceedings if proof of mailing by the judgment creditor has been filed.

6. From the record, it is apparent that the writ was not served because the attorney general's office had determined that the value of the property to Colleen would be negligible in light of the existence of other mortgages.

interlocutory judgment may be acted upon because the obligation to support and amount of support were already litigated and resolved in the California action.

■ Foreign judgments that are eligible for registration under the Uniform Act are defined in AS 09.30.260 as follows:

"[F]oreign judgment" means any judgment, decree, or order of a court of the United States or of any other court which is entitled to *full faith and credit* in this state. [Emphasis added.]

If the divorce court does not have the power to retrospectively modify the decree ordering a spouse to pay certain sums of money for the care and support of the children, each installment of child support becomes a vested right as it becomes due. The arrearages in monies for children, ordered to be paid by one spouse or the other, are therefore within the operation of the full faith and credit clause of the federal constitution.[7]

■ In California, the forum of the divorce court in this case, modification of divorce decrees in respect to accumulated payments past due is not allowed.[8] Rocky's claim that the interlocutory judgment of the California court is not a foreign judgment within the ambit of the Uniform Act is therefore without merit.

Rocky argues that the superior court erred in not affording him the opportunity of an evidentiary hearing. He claims that if a hearing was held he would present evidence that he supported one of his children for more than two years during the period for which arrearages are alleged; that he stopped support payments because Colleen breached the separation agreement by denying him visitation privileges; that Colleen knew his whereabouts for the past eleven years and her refusal to demand payment until now amounted to her approval of the suspension of payments; and finally, that Colleen's claims predating September 3, 1970, are barred by the ten year statute of limitations of Alaska[9] and California.[10] These arguments were raised before the superior court in support of Rocky's motion for relief from the foreign judgment and to quash the writ of execution. In a written memorandum of decision the superior court ruled adversely to Rocky on each point. There was no oral argument by the parties and no evidentiary hearing as Rocky contends there should have been.

■ When a foreign judgment is properly filed with the clerk of the superior court in Alaska it is essential that the amount of damages, or other monies claimed to be due, be liquidated. That was only done ex parte in this case. Attached to the California judgment that Colleen filed in Alaska were ten pages prepared by Colleen's counsel showing the amounts claimed to be due and unpaid by Rocky for child support for the first and fifteenth day of each month, from June 1, 1969, to August 15, 1980. Interest on the amounts due was also indicated, and the total arrearages in child support payments, together with

**7.** U.S.Const. art. IV § 1. *See Sistare v. Sistare,* 218 U.S. 1, 17, 30 S.Ct. 682, 686, 54 L.Ed. 905, 911 (1910); *Light v. Light,* 12 Ill.2d 502, 147 N.E.2d 34, 39 (1957).

**8.** *Bryant v. Bryant,* 161 Cal.App.2d 579, 326 P.2d 898, 900 (1958).

**9.** AS 09.10.040 provides:

Action upon judgment or sealed instrument in 10 years. No person may bring an action upon a judgment or decree of a court of the United States, or of a state or territory within the United States, and no action may be brought upon a sealed instrument unless commenced within 10 years.

*See also Young v. Williams,* 583 P.2d 201, 205–06 (Alaska 1978).

**10.** The California Code of Civil Procedure § 337.5 provides a ten year statute of limitations for actions upon a judgment or decree of any court of the United States or of any state within the United States. Section 681 further provides:

The party in whose favor judgment is given may, at any time within 10 years after the entry thereof, have a writ or order issued for the execution or enforcement of the judgment. If, after the entry of the judgment, the issuing of such writ or order is stayed or enjoined by any judgment or order of court, or by operation of law, the time during which it is so stayed or enjoined must be excluded from the computation of the 10 years within which execution or order may issue.

interest, is shown as $43,954.21. However, Rocky was given no opportunity to contest Colleen's claim as to the amount due under the judgment prior to the issuance of the writ of execution and its levy on his fishing vessel. Such an opportunity ought to have been afforded him regardless of whether the judgment was rendered in California or in Alaska. This is especially true since it appears that more than five years had elapsed after entry of the judgment without execution being issued thereon. Under such circumstances our rules require that a writ of execution be preceded by notice and an opportunity to be heard to the judgment debtor with respect to, among other things, the amount claimed to be due on the judgment. Alaska R.Civ.P. 69(d).

In light of the foregoing we are remanding for a hearing—which may be an evidentiary hearing if the trial court determines that there are genuine issues of material fact—relating to the amount due under the California judgment. At the hearing the parties and the court should address, among other things, the statute of limitations issue and the question of abatement of support for one of the children during the period the child was staying with Rocky. In this way the court will be fully informed of the parties' rights and obligations and a proper and appropriate judgment may be entered with all the requisites of due process being accorded both parties.

This case is REMANDED for further proceedings not in conflict with the views expressed in this opinion. We presume that the superior court will continue its stay of execution on the fishing vessel F/V VAL-RAY until final disposition of this case.

RABINOWITZ, J., not participating.