Felix RUBALCAVA, Appellant,

v.

Lois Ann HALL, Appellee.

No. 6910.

Supreme Court of Alaska.

Nov. 10, 1983.

Arthur L. Robson, Fairbanks, for appellant.

Randy M. Olsen, Asst. Atty. Gen., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

OPINION

BURKE, Chief Justice.

This is a proceeding under the Uniform Reciprocal Enforcement of Support Act, AS 25.25.010–.270 [hereinafter URESA].

On April 23, 1969, Lois Ann Hall filed a paternity suit against Felix Rubalcava. The suit was filed in California. After a preliminary hearing, the superior court found that Rubalcava was the father of Hall's twin girls born January 7, 1969. The court ordered Rubalcava to pay $140 per month child support, *pendente lite.*

On February 16, 1979, Hall filed a second proceeding in California, seeking $11,760 in arrearages. She also sought modification of the monthly support payments to reflect what she alleged was the actual expense of supporting the children. When Hall discovered that Rubalcava was residing in Alaska,

she sought enforcement of the support order in the Alaska courts and, pursuant to URESA, sent copies of the complaint and support documents to the superior court in Fairbanks. *See* AS 25.25.160. Rubalcava was personally served in Fairbanks.

On January 7, 1980, the State of Alaska, on behalf of Hall, moved for an order of support and a reduction to judgment of the arrears due under the California temporary support order. Following a brief hearing on February 20, 1980, Rubalcava filed an answer to the complaint, denying paternity as well as the existence of "any currently effective court order." At a second hearing, held on April 8, 1980, the parties agreed to register the California *pendente lite* order as a foreign support order under AS 25.25.254–.258. The order was registered and the Alaska court directed Rubalcava to pay support of $250 per month. On April 30, 1980, Rubalcava filed a petition to vacate registration of the California order. On November 17, 1980, the superior court denied Rubalcava's request and entered an $11,760 arrears judgment against him. Rubalcava appealed.

In August, 1981, while the appeal was pending before this court, the California superior court dismissed the paternity action pursuant to which the original California *pendente lite* order had been issued. The dismissal was based on Hall's failure to bring the action to trial within five years of the date she had filed the action.[1] In light of the dismissal, Rubalcava moved to dismiss his appeal from the November, 1980 Alaska judgment. We granted the motion and the appeal was dismissed.

Rubalcava returned to the superior court and, pursuant to Civil Rule 60(b), sought relief from the November, 1980 judgment.[2] In his motion, Rubalcava asserted that dismissal of the California action rendered the

November, 1980 Alaska judgment "of no further force and effect." The superior court, however, confirmed the enforceability of its prior judgment, and on April 8, 1982 entered an income assignment order pursuant to AS 09.65.132. On April 19, Rubalcava moved for relief from both the income assignment order and the superior court's March 19, 1982 confirmation of its November, 1980 judgment. The superior court denied the motion for relief and Rubalcava filed this appeal.

■ We hold that Rubalcava waived any objection that he could have asserted to the arrears judgment by voluntarily dismissing his appeal from the November, 1980 judgment. The reasoning of the Illinois Supreme Court in *Waite v. Bristow,* 391 Ill. 101, 62 N.E.2d 545 (1945) is persuasive. Where an appeal is voluntarily dismissed, the appellant is left

> in the same position it was before the appeal was filed. The rights of the parties were in nowise affected by reason of the fact that the appeal had been taken and subsequently dismissed without prejudice. It left the judgment in the circuit court in full force and effect, the same as if no appeal had ever been taken. The appellant was free to perfect another appeal in any manner authorized by statute. If it failed to exercise or pursue that right, it was prejudiced, not by the order dismissing the appeal, but by its own inaction.

*Id.* 62 N.E.2d at 551. *See also Ashley v. Kramer,* 8 Ariz.App. 27, 442 P.2d 564, 565 (1968). This is consistent with Alaska's treatment of a voluntary dismissal of an action under Alaska R.Civ.P. 41(a)(2). In *Sherry v. Sherry,* 622 P.2d 960, 964 (Alaska 1981), we stated that a voluntary dismissal without prejudice renders the proceeding a

---

1. Section 583(b) of the California Code of Civil Procedure states:

   An action heretofore or hereafter commenced shall be dismissed by the court in which same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended.

   Cal.Civ.Proc.Code § 583 (West 1982).

2. While Rubalcava did not characterize his motion as one for relief under Alaska R.Civ.P. 60(b), we treat it as such.

nullity and leaves the parties in the same position as if the action had never been brought.

Thus, once Rubalcava's appeal was voluntarily dismissed, he was left in the same position he was in prior to the appeal, giving him thirty days from the entry of judgment to bring any objection that he could have asserted on direct appeal. Alaska R.App.P. 204(a). Having not done so, Rubalcava waived his right to raise any objection to the November, 1980 judgment based on alleged errors committed by the superior court in accepting the California judgment for registration, and in enforcing it after registration despite the expiration of the statute of limitations. Thus, the voluntary dismissal had the effect of denying Rubalcava the right to now appeal from the November 1980 judgment.

■ We next address the effect of the post-judgment dismissal of the California paternity suit on the November, 1980 arrears judgment.

Alaska law determines what effect the dismissal had on the temporary support order. Under URESA, AS 25.25.060:

> Duties of support applicable *under this law are those imposed or imposable under the laws of a state where the obligor was present during the period for which support is sought.* The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown. [emphasis added].

Rubalcava, the obligor, is presumed present in the State of Alaska during the years for which Hall seeks support. Further, under AS 25.25.258(a):

> Upon registration, *the foreign support order shall be treated in the same manner as a support order issued by the superior court.* It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner. [emphasis added].

Thus, upon registration in Alaska, a California support order should be treated in the same manner as a support order issued from an Alaska court. The effect of a post-judgment dismissal of the California paternity suit on a final Alaska judgment is therefore determined according to Alaska law.

■ Alaska has not ruled on the effect of the dismissal of a paternity suit on a *pendente lite* child support order. In a divorce case, however, we recently held that each installment of child support becomes a vested right not subject to later modification, even though the obligation was based on an interlocutory decree. *Robbins v. Robbins,* 647 P.2d 589 (Alaska 1982). A rule denying enforceability of an order which was valid when entered would foster disregard of the court's authority and reward litigants who ignore court orders. *Bork v. Richardson,* 289 N.W.2d 622, 625 (Iowa 1980).

This rationale is equally applicable to paternity cases. A preliminary hearing on the merits and a finding of paternity by a preponderance of the evidence can establish a temporary duty of support. That duty must be enforced regardless of the outcome of the pending suit. If not, temporary support orders could be ignored until the resolution of the underlying cause, defeating the purpose of temporary support payments. Arrears on a *pendente lite* child support order should therefore be due despite the dismissal of the underlying paternity suit.

AFFIRMED.

MOORE, J., not participating.

RABINOWITZ, Justice, dissenting in part:

I dissent from the majority's holding regarding the effect of the post-judgment dismissal of the California paternity suit on the November 1980 arrears judgment.

I do agree with the Court's statement that a temporary duty of support can be established by a preliminary finding of paternity and that this duty can be enforced regardless of the outcome of the pending

paternity litigation. Nevertheless, in my view paternity cases are distinguishable from divorce cases in the following respects. In a divorce action an ongoing support obligation exists; in a paternity suit no underlying obligation exists unless and until there is a determination of paternity. In divorce cases a *pendente lite* order defines an existing right, whereas in paternity cases the *pendente lite* order creates a new and temporary right. Therefore, the temporary child support order pending a paternity determination should be of limited duration.

Rubalcava should not be required to pay temporary support for longer than is reasonably necessary to determine paternity. Requiring him to pay nearly ten years of arrearages without a final determination of paternity is unreasonable. To hold otherwise would deny the importance of a final determination, would fail to encourage plaintiffs in paternity suits to pursue prompt resolution of their cases, and would deny the party subject to the temporary order the opportunity to a full trial on the merits prior to the enforcement of a judgment against him.

Thus, the validity of a temporary support order is independent of the resolution of the underlying proceeding, but where there is not already an existing duty of support, a temporary order must be limited to a duration reasonably necessary to make a final determination of the duty of support.

Under the circumstances of this case, I think five years is a presumptively reasonable time within which to require Hall to pursue the paternity claim. Thus, I would hold that Rubalcava should not be held liable for more than five years of temporary support.[1]

---

**1.** Since section 583(b) of the California Code of Civil Procedure requires dismissal of actions for lack of prosecution only following five years of inactivity, I think that five years is a presumptively reasonable time to require Hall to bring the paternity suit to trial.