**STATE of Delaware, Plaintiff and Appellant Below, Appellant,**

**v.**

**Billy J. GUTHMAN, Defendant and Appellee Below, Appellee.**

Supreme Court of Delaware.

Submitted: Dec. 1, 1992.
Decided: Feb. 24, 1993.

—————

 ██

Carole E.L. Davis, Deputy Atty. Gen., Dept. of Justice, for plaintiff and appellant below, appellant.

Thomas V. McCoy, Wilmington, for defendant and appellee below, appellee.[1]

Before VEASEY, C.J., HORSEY and MOORE, JJ.

HORSEY, Justice:

This appeal presents a question of jurisdiction—whether a Justice of the Peace has the power and authority, inherent if not express, to reopen a criminal proceeding on timely application and for good cause shown, following its dismissal, with or without prejudice. The State appeals the Superior Court's affirmance of a Justice of the Peace (hereafter "magistrate") ruling that a magistrate's dismissal of criminal charges divests the court of jurisdiction to review its decision for fundamental error. We reverse. We hold that a magistrate has the jurisdiction, power and authority to reopen, on timely application and for good cause shown, a dismissal of a criminal proceeding, whether entered with or without prejudice. We hereby overrule all Superior Court rulings to the contrary, including *Thomas v. Rowe*, Del.Super., C.A. No. 84M–MY–26, Gebelein, J. (Jan. 28, 1985), holding that the Justice of the Peace Court, upon entry of an order of dismissal of criminal charges, loses jurisdiction to review the matter unless the order of dismissal has been expressly entered as being "without prejudice."

I

The appeal stems from the traffic arrest of defendant-below Billy J. Guthman ("Guthman"). On May 27, 1991, Guthman was arrested for driving while under the influence in violation of 21 *Del.C.* § 4177 and for driving while his license was suspended in violation of 21 *Del.C.* § 2756(a).[2] On June 14, 1991, Guthman appeared unrepresented for arraignment in Justice of the Peace Court No. 3 (hereafter "Court No. 3"), pled not guilty to the charges and executed a waiver of his right to have the case transferred to the Court of Common Pleas for trial before a law-trained judge. *See* 11 *Del.C.* § 5303; *Shoemaker v. State*, Del.Supr., 375 A.2d 431 (1977); J.P.Crim.R. 6.

Thereafter Guthman retained an attorney, who contacted the Deputy Attorney General (hereafter "Deputy" or "the State") responsible for the case. On June 19, 1991, defense counsel served on the State a discovery request captioned for a case in the Court of Common Pleas. Aware of the discrepancy in the caption, the State contacted defense counsel to inquire whether the case was to be transferred. Defense counsel confirmed to the Deputy that Guthman would be transferring the case to the Court of Common Pleas, but had not yet done so.

In August, Court No. 3 scheduled the case for trial September 6, 1991 at 9:00 a.m.; and the court so notified in writing defense counsel, defendant, the Deputy and the arresting officer. Apparently once again, the State contacted defense counsel as to where the trial would take place; and Guthman's attorney assured the State that the matter would shortly be transferred to the Court of Common Pleas. Relying upon this representation, the Deputy noted a change of venue on her trial calendar, and presumably disregarded the court notice.

On September 6, Guthman and his attorney appeared for trial in Court No. 3, but the Deputy did not appear. After waiting

---

1. Counsel did not represent defendant below.

2. Originally Guthman was charged with a third offense of driving with expired insurance in violation of 21 *Del.C.* § 2118(*o*). This charged was dropped, however, after Guthman later produced proof of insurance.

about thirty-five minutes, the magistrate and defense counsel had the following exchange in open court:

Court (To defense counsel): Let me ask you one question. Have you been in contact with the attorney general's office[?]

Defense Counsel: The only thing I've had contact with them is to get a copy of the police report.

Court: O.K. You had not had any discussions with Ms. Davis or anyone in there as far as continuing the case or anything.

Defense Counsel: No.

Court: O.K. The record will indicate that the attorney general's office was notified of the time of trial and since they have failed to appear, I can assume nothing other than they do not wish to prosecute Mr. Guthman. Therefore, the charges against Mr. Guthman are dismissed. His bond is discharged and he is free to go.[3]

A short time later the same day, Guthman's attorney telephoned the Deputy assigned to the case and informed her that the charges against Guthman had been dismissed.

On September 8, 1991, a clerk of Court No. 3 first discovered a letter, dated September 3rd, postmarked September 4th, from defense counsel to the court requesting that the case be transferred to the Court of Common Pleas. (The letter bore no date stamp as to when it had been received by the Clerk's Office.) Within seven days of the dismissal, the State, on September 13th, moved in Court No. 3 for reargument or reconsideration. On September 18, the magistrate, noting that neither statute nor court rule expressly provided for reargument, set the matter for hearing on October 2 on "jurisdiction."[4]

Following argument on October 2, the magistrate concluded that the court had not relinquished jurisdiction of the case on September 6 and that it had properly dismissed the matter. The magistrate so ruled in a written decision dated October 3, 1991. The following day, the State docketed an appeal in Superior Court seeking an order vacating the magistrate's dismissal. By unreported decision of March 19, 1992, Superior Court denied the State's motion to vacate and affirmed the magistrate's ruling. *State v. Guthman,* Del.Super., C.A. No. 91–10–0000A, 1992 WL 68926 Graves, J. (March 19, 1992). The State then docketed this appeal of right under 10 *Del.C.* § 9902(a).

## II

◼ We find the determinative question below not to have been, as the parties and the court found, whether the magistrate abused his discretion in denying the State's motion to reinstate the prosecution against Guthman. Rather, the question is whether the magistrate retained jurisdiction following dismissal of the proceeding to set it aside, for good cause shown. So framed, the question presented is one of law, which is subject to plenary or *de novo* review by this Court. *Waggoner v. Laster,* Del. Supr., 581 A.2d 1127, 1132 (1990); *Fiduciary Trust Co. v. Fiduciary Trust Co.,* Del. Supr., 445 A.2d 927, 930 (1982).

## III

The magistrate, in ruling that the court lacked jurisdiction to set aside its dismissal, even for good cause shown, relied upon *Thomas v. Rowe, supra.* Superior Court similarly concluded that the magistrate lacked authority to review a timely filed motion for reargument/reconsideration of

---

**3.** Although it is unclear from this statement, we presume that the Justice of the Peace dismissed these charges pursuant to the authority granted under Justice of the Peace Criminal Rule 29(b). This rule provides:

> (b) **Dismissal by Court.** If there is unnecessary delay in bringing the defendant to trial the Court may dismiss the complaint.

J.P.Crim.R. 29(b). Notably, the court's dismissal was not based explicitly on a finding of "unnecessary delay." *See* Super.Ct.Crim.R. 48(b).

**4.** The court apparently scheduled the hearing to determine whether the court, in light of the pretrial request of Guthman to transfer the case to the Court of Common Pleas, had jurisdiction to enter its order of dismissal on September 6th.

his dismissal of criminal charges. The court stated:

> [T]he Justice of the Peace Court may not set aside a dismissal of an action before it. *Thomas v. Rowe, supra*, at 3–4. This is because the granting of a motion to dismiss constitutes a dismissal with prejudice. *State v. Fisher [Fischer]*, [Del.Supr., 285 A.2d 417, 421 (1971) ].... Thus, the Justice of the Peace Court could do nothing more once the case was dismissed. A subsequent motion for reargument could not have been entertained, and any decision after the dismissal is void.

*Guthman*, slip op. at 9. We disagree. We hold that the Superior Court erred as a matter of law in ruling that the Justice of the Peace Court, having dismissed the charges without reserving jurisdiction, lost jurisdiction to entertain a timely filed motion that the dismissal had been improvidently entered.

### IV

Superior Court has misread and misapplied this Court's decision in *Fischer* in ruling that a dismissal of a complaint under J.P.Crim.R. 29(b) must be presumed to be a dismissal with prejudice, unless otherwise stated in the order of dismissal. In *Fischer*, the order of dismissal was entered under Super.Ct.Crim.R. 48(b) upon a finding of unnecessary delay in bringing the defendant to trial.[5] Under those circumstances, this Court ruled that it was "necessarily implied from the opinion below that the order was entered 'with prejudice.'" *Id.* at 420. Here, the magistrate made no such finding and no presumption of prejudice may be implied. Thus, the presumption of *Fischer* does not extend to a dismissal of a complaint under J.P.Crim.R. 29(b) and under the circumstances of this case. We overrule *Thomas v. Rowe* insofar as it holds, through a misapplication of *Fischer*, 285 A.2d at 420, that an order of dismissal is not subject to review by a magistrate after entry because it is deemed to be a

dismissal with prejudice, resulting in the court's irrevocable loss of jurisdiction.

 While a Justice of the Peace Court is a court of limited jurisdiction, within the jurisdiction conferred the court has the same inherent powers of any other constitutional court to grant relief from a judgment or order, for good cause shown. *Del. Const.*, Art. IV, § 1 (1987); *see also Shoemaker*, 375 A.2d at 439 n. 12; *Farrell v. Maryland Credit Financial Corp.*, Del.Super., 127 A. 879, 880 (1924); 20 Am.Jur.2d *Courts* § 79 (1965). It is a basic principle of jurisprudence that courts are generally afforded inherent powers to undertake whatever action is reasonably necessary to ensure the proper administration of justice. *See* 20 Am.Jur.2d *Courts* § 79. This Court has consistently held that Delaware courts have the inherent power to vacate, modify or set aside their judgments or orders. *Tyndall v. Tyndall*, Del.Supr., 214 A.2d 124, 125 (1965); *see also Lyons v. Delaware Liquor Comm'n*, Del.Gen.Sess., 58 A.2d 889, 895 (1948); *Tweed v. Lockton*, Del.Super., 167 A. 703, 704–05 (1933).

 The magistrate's inherent authority to reopen final judgments for good cause shown is implicit in various powers expressly granted to the magistrates. In criminal matters the inherent power to dismiss a case for want of prosecution is expressly recognized by Rule 29(b). *See Fischer*, 285 A.2d at 421. After final judgment is entered, a magistrate is expressly empowered to correct or reduce a sentence, J.P.Crim.R. 23, and to rectify clerical mistakes, J.P.Crim.R. 24. Likewise, in civil matters a magistrate may amend final judgments upon his or her own initiative or at the motion of one of the parties, as well as for clerical error, mistake, fraud, misrepresentation or newly discovered evidence. J.P.Civ.R. 20.

Recognizing the impracticability of delineating all the inherent powers possessed by the Justice of the Peace Courts, the draft-

---

**5.** Superior Court Criminal Rule 48(b) provides, in pertinent part:

**Rule 48. DISMISSAL**

**(b) By Court**... if there is unnecessary delay in bringing a defendant to trail, the court may dismiss the indictment, information or complaint.

ers of the Justice of the Peace Court's criminal rules explicitly granted the magistrates all the inherent powers afforded other constitutional courts in a catch-all rule. *See* J.P.Crim.R. 33. Under Rule 33, in the absence of a specific procedure, a Justice of the Peace Court "may proceed in any lawful manner not inconsistent with these Rules or any applicable statute." *Id.* Rule 33 confers upon a magistrate flexible and broad discretion needed by a court to ensure that justice is served.

Federal authority is consistent with our holding that the Justice of the Peace Court can reconsider a case on timely application even after it has been dismissed with prejudice. Decisions of the United States Supreme Court recognize the inherent power of a federal court to vacate, even out of time, its own judgment for fundamental error, *i.e.,* upon proof of fraud perpetrated upon the court. *See Chambers v. NASCO, Inc.,* —— U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (party entered a fraudulent transaction and filed fraudulent pleadings with assistance of counsel), *reh'g denied,* —— U.S. ——, 112 S.Ct. 12, 115 L.Ed.2d 1097 (1991); *Universal Oil Prod. Co. v. Root Refining Co.,* 328 U.S. 575, 580, 66 S.Ct. 1176, 1179, 90 L.Ed. 1447 *reh'g denied,* 329 U.S. 823, 67 S.Ct. 24, 91 L.Ed. 700 (1946); *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (appellate court has power to set aside a nine year old judgment which was fraudulently obtained), *reh'g denied,* 322 U.S. 772, 64 S.Ct. 1281, 88 L.Ed. 1596 (1944). In *Hazel–Atlas Glass,* the Supreme Court held that a court could set aside or alter final judgments under certain circumstances, one of those being after-discovered fraud. *Id.* 322 U.S. at 244, 64 S.Ct. at 1000. The Supreme Court explained that:

> [T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society.... The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.

*Id.* at 246, S.Ct. at 1001. While *Hazel–Atlas Glass* was a civil action in equity, the concepts and principles there articulated are equally applicable in the criminal context.

■ In sum, we hold that the Superior Court committed error of law, as did the magistrate, in concluding that the magistrate lacked jurisdiction to review a timely filed motion for reconsideration of a dismissal of criminal charges. We further rule that the Justice of the Peace Court may, in the reasonable exercise of its discretion, timely reconsider a criminal matter even if dismissed with prejudice. The authority of a magistrate to so act is rooted in a court's inherent authority to reopen a judgment on timely application for good cause shown, or out of time for fraud, misrepresentation or misconduct of an adverse party or other similar grounds.

■ Regrettably, we must also conclude that this case would never have been dismissed in the first place if trial counsel for defendant had fulfilled her duty as an officer of the court. The record compels a finding that defense counsel was not forthright with the court in failing to disclose to the court her previous contacts and communications with the Deputy with regard to the trial of the case. An attorney, acting as an officer of the court, has a duty to respond with complete candor to court inquiries. *See* Delaware Lawyers' Rules of Professional Conduct, Rule 3.3. Counsel may not, knowingly or otherwise, engage in conduct which may reasonably be perceived as misleading either to the court or to opposing counsel.

\* \* \* \* \* \*

REVERSED and REMANDED for reinstatement of the charges and for further proceedings consistent herewith.