Superior Court
of the
State of Delaware

Jan R. Jurden
President Judge

New Castle County Courthouse
500 North King Street, Suite 10400
Wilmington, Delaware 19801-3733
Telephone (302) 255-0665

January 18, 2017

Peggy L. Ableman, Esq.
Daniel J. Brown, Esq.
McCarter & English, LLP
Renaissance Centre
405 North King Street, Eighth Floor
Wilmington, DE 19801

Joseph J. Bellew, Esq.
Cozen O' Connor
1201 North Market Street, Suite 1001
Wilmington, DE 19801

RE:   **Alltrista Plastics, LLC d/b/a Jarden Plastic Solutions v. Rockline Industries, Inc.,**
**C.A. No. N12C-09-094 JRJ CCLD**

Dear Counsel:

Defendant Rockline Industries, Inc. ("Rockline") has moved for relief from the Court's April 8, 2016 oral ruling on the issue of whether the "Termination Fee" in the Supply Agreement is a liquidated damages provision that caps Plaintiff Alltrista Plastics, LLC d/b/a Jarden Plastic Solutions' ("Jarden") potential recovery for its breach of contract claim to $1.5 million. For the following reasons, the Court finds that relief is warranted based on the Court's "plenary power to 'vacate, modify or set aside judgments or orders' where 'reasonably necessary to ensure the proper administration of justice.'"[1]

I.   **Background**

In its Motion for Partial Summary Judgment, Rockline argued, *inter alia*, that the Termination Fee is a liquidated damages clause that applies to Rockline's alleged breach of the Supply Agreement. During a teleconference on April 8, 2016,, the Court ruled on numerous outstanding motions, including Rockline's Motion for Partial Summary Judgment.[2] On the Termination Fee issue, the Court held that the Termination Fee had *not* been triggered and, therefore, was not applicable to this case. This determination was based upon the inclusion of the Termination Fee schedule in Section 9(b)(iii) of the Supply Agreement, the parties' submissions, and an October 12, 2012 Letter from Rockline to Jarden specifically invoking the

---

[1] *Rembrandt Techs., LP v. Harris Corp.*, 2009 WL 3865394, at *1 (Del. Super. Oct. 15, 2009) (quoting *State v. Guthman*, 619 A.2d 1175, 1178 (Del. 1993)).
[2] April 8, 2016 Teleconference Proceeding Worksheet (Trans. ID. 58890583) (issuing decisions on eleven outstanding motions in anticipation of April 11, 2016 trial date).

Section (9)(b)(i)(2) "for cause" termination provision.[3]

Rockline did not move for reargument under Superior Court Civil Rule 59(e), and on April 11, 2016, the Court continued the trial based on the parties' representation that settlement negotiations were ongoing.[4]

Over five months later, on October 12, 2016, Rockline filed a Motion for Reconsideration asking the Court to reconsider its April 8, 2016 oral ruling on the applicability of the Termination Fee.[5] Rockline argued that the Court did not take into account the significance of the Supply Agreement language providing that the Termination Fee "shall serve as and for liquidated damages for Rockline's breach of the Agreement." In support of its argument that the quoted language mandates a different result, Rockline—for the first time—cited the Delaware Supreme Court's *Brazen v. Bell Atlantic Corp.* decision.[6]

On October 21, 2016, the Court held a teleconference on Rockline's Motion for Reconsideration.[7] Rockline admitted that it knew of the *Brazen* decision at the time it filed and argued its Motion for Partial Summary Judgment, but failed to present *Brazen* to the Court.[8] The Court directed Rockline to re-file its Motion for Reconsideration under Superior Court Civil Rule 60(b). Rockline complied; Jarden responded; and the Court heard oral argument on November 16, 2016.

## II. Discussion

As an initial matter, the Court finds it unnecessary to decide whether relief is available to Rockline under Rule 60(b) because the Court bases the instant ruling upon its "plenary power to 'vacate, modify or set aside judgments or orders' where 'reasonably necessary to ensure the proper administration of justice.'"[9]

The language at issue appears in Section 9(b) of the Supply Agreement: "The Termination Fee shall not be a penalty but shall serve as and for liquidated damages for Rockline's breach of the Agreement." The Supply Agreement defines "Termination Fee" in Section (b)(iii): "If Rockline terminates the agreement without cause, it shall pay to Jarden a fee within thirty (30) days of termination (the 'Termination Fee') based upon when the termination occurs, as follows: (A) Prior to the end of year one of this Agreement $1,500,000 . . . ."

---

[3] Rockline's Motion for Partial Summary Judgment, Ex. J (Trans. ID. 58197764).

[4] At the November 16, 2016 oral argument on the instant Motion, the parties hotly disputed the state of settlement at the time trial was re-scheduled. Because the Court is not basing its decision upon inadvertence or excusable neglect under Superior Court Civil Rule 60(b), it is unnecessary to parse the parties' differing interpretations.

[5] Motion for Reconsideration (Trans. ID. 59689439).

[6] 695 A.2d 43 (Del. 1997).

[7] October 21, 2016 Teleconference Proceeding Worksheet (Trans. ID. 59733130).

[8] October 21, 2016 Teleconference Transcript at 6:4–6 (Trans. ID. 59867444) ("*Brazen* should have been cited in support of those arguments.").

[9] *Rembrandt*, 2009 WL 3865394, at *1 (quoting *Guthman*, 619 A.2d at 1178).

2

In *Brazen*, the Court of Chancery did not analyze the termination fee provision at issue as a liquidated damages provision because "notwithstanding section 9.2(e) of the merger agreement, which states that the $550 million fee constitutes liquidated damages, 'the event which triggers payment of the fees is not a breach but a termination.'"[10] The Supreme Court disagreed with the Court of Chancery's conclusion and found that the provision at issue should be analyzed as a liquidated damages clause because "the express language of section 9.2(e) of the agreement unambiguously states that the termination fee provisions 'constitute liquidated damages and not a penalty.'"[11] Further, the Supreme Court affirmed that liquidated damages, "by definition, are damages paid in the event of a breach of contract."[12]

In its April 8, 2016 oral ruling, as the Court of Chancery did in *Brazen*, the Court found that payment was triggered by a termination—not by a breach. However, viewing the Supply Agreement in light of *Brazen*, the Court finds the Supply Agreement—although clumsily structured—provides that the Termination Fee should be treated as liquidated damages for Rockline's breach of the Supply Agreement: "The Termination Fee shall not be a penalty but shall serve as and for liquidated damages for Rockline's *breach* of the Agreement."[13] As such, the exercise of the Court's plenary power to vacate, modify, or set aside its judgments is necessary to ensure the proper administration of justice in this case.

For the foregoing reasons, Rockline's Motion for Relief from Order on Summary Judgment is **GRANTED,** and the Court's April 8, 2016 oral ruling on this issue is **VACATED.**

**IT IS SO ORDERED.**

Very truly yours,

Jan R. Jurden
President Judge

JRJ:mls

cc:     Prothonotary

---

[10] *Brazen*, 695 A.2d at 47 (quoting *Brazen v. Bell Atl. Corp.*, 1997 WL 153810, at *4 (Del. Ch. Mar. 19, 1997)).
[11] *Id.*
[12] *Id.* (citing Restatement (Second) of Contracts § 356 (1981)).
[13] Supply Agreement § 9(b) (emphasis added).

3