**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | ID 1206024952 |
| v. | ) | |
| | ) | |
| DWAYNE EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: October 4, 2024
Decided: October 23, 2024

## ORDER DENYING MOTION FOR SENTENCE MODIFICATION

Having considered Dwayne Evans' ("Evans") Motion for Modification ("Motion"), for the reasons below, the Motion is DENIED.

### *Background*

1.      In 2012, Evans was indicted on seven charges, including Murder First. The charges stem from an altercation between Evans and his uncle, during which Evans stabbed his uncle, who later died.

2.      In June 2013, Evans pled guilty to Murder Second.  The Court entered a Corrected Sentencing Order on October 10, 2013, effective ***June 30, 2012***, sentencing Evans to: Level V for the balance of his natural life, suspended after 25

years, followed by 3 years at Level IV DOC Discretion, suspended after 12 months, followed by 2 years at Level III.[1]

3.     On November 19, 2013, Evans filed a Motion for Modification of Sentence,[2] requesting that his sentence be reduced to 15 years.  In support, Evans argued that he had been employed since being incarcerated and had no infractions.

4.     On November 27, 2013, the Court denied the motion but stated that the "Court will retain jurisdiction.  [Defendant] has leave to ask for sentence reduction from 25 years to 15 years @ L5 after [Defendant] has served 15 years."[3]

### *The Motion*

5.     On August 5, 2024, Evans filed the Motion, seeking to reduce his Level V time to time-served, and to flow him down to Level IV for 6 months work-release, followed by 3 years at Level III.[4]  Evans invokes the November 2013 Order, asserting he has served over 15 years of his sentence.  Evans advises that he received his GED and has completed many programs while incarcerated.  He attached to his motion multiple certificates of completion.

6.     Pursuant to the Court's scheduling order,[5] the State responded to the Motion on September 13, 2024.  The response includes a progress report from the

---

[1] D.I. 16.
[2] D.I. 17.
[3] D.I. 19.
[4] D.I. 39.
[5] D.I. 39.

2

Department of Corrections ("DOC") on Mr. Evans' participation in programming, any recommended treatment, and generally, his current condition and status, as requested by the Court.

7. The State argues that the Motion should be denied because it is time-barred, repetitive, and the Court lacks jurisdiction to modify the sentence at this time.[6] The State asserts that while the Court may retain jurisdiction after sentencing, it may do so only for a "reasonable time" and retention of jurisdiction for 15 years is unreasonable.

8. Additionally, the State argues that even if the Court reaches the merits of the Motion, it is not ripe because Evans has served only 12 years. The State also contends that Evans' time in prison has not been without difficulties. DOC's August 29, 2024 Progress Report notes that Evans completed many programs, obtained a GED and is currently enrolled to obtain a high school diploma, maintained employment for lengthy periods of time, and is classified as a medium security risk. However, Evans' employment was terminated in 2023 for performance issues and he has six incidents of misconduct, including drug use, failure to obey orders, and possession of contraband. Due to the length of Evans' sentence, he has not received

---

[6] D.I. 40.

a substance abuse evaluation. Given this history and the nature of Evans' crime, the State opposes any reduction in his sentence.

9. Evans was given permission to file a reply by October 4, 2024, however, he did not do so.

## *Discussion*

### *Standard of Review*

10. Criminal Rule 35(b) provides that the Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." The purpose of the rule is to allow the sentencing judge "'a second chance to consider whether the initial sentence is appropriate.'"[7] In this 90-day period, the Court retains broad discretion to decide whether the sentence should be altered.[8]

11. To promote finality of judgments, the Court will consider a Rule 35(b) motion after the 90-day period "only in extraordinary circumstances" or when the DOC files an application pursuant to 11 *Del. C.* § 4217.[9] A petitioner bears a heavy burden to show "extraordinary circumstances," which are circumstances that "'*specifically justify the delay*', are 'entirely beyond a petitioner's control'; and 'have prevented the [petitioner] from seeking the remedy on a timely basis.'"[10] "And

---

[7] *State v. Tollis*, 126 A.3d 1117, 1120 (Del. Super. 2016) (citation omitted).
[8] *Id.*
[9] *Id.*, at 1121.
[10] *State v. Redden*, 111 A.3d 602, 607 (Del. Super. 2015) (citations omitted) (emphasis in original); *State v. Jones,* 2020 WL 4483673, at *2 (Del. Super. Aug. 4, 2020) (extraordinary circumstances

for the purposes of Rule 35(b), 'extraordinary circumstances' have been found only 'when [the petitioner] faces some genuinely compelling change in circumstances that makes a resentencing urgent.'"[11]  It is well-settled that "exemplary conduct and/or successful rehabilitation while imprisoned do not qualify as 'extraordinary circumstances'" under Rule 35.[12]

12.    "While participation in rehabilitation programs is commendable, it is well-settled that such participation, in and of itself, is insufficient to merit substantive review of an untimely motion for sentence reduction" under Rule 35(b).[13]  This is because "rehabilitative efforts are 'entirely [within] a petitioner's control.'"[14]  Additionally, modification of a sentence based on "rehabilitation of the offender" is separately provided for in Section 4217.[15]

13.    Finally, Rule 35(b) provides that the Court "will not consider repetitive requests for reduction of sentence."

14.    The Court retains "'inherent authority [independent of mechanisms provided for by court rule or statute] to modify [its] initial sentence based on the

---

are "[a] highly unusual set of facts that are not commonly associated with a particular thing or event." (citation omitted)).

[11] *Jones,* 2020 WL 4483673, at *2 (quoting *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. 2019) (citation omitted)).

[12] *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002); *State v. Lindsey*, 2020 WL 4038015, n.23 (Del. Super. July 17, 2020) (collecting cases).

[13] *Redden*, 111 A.3d at 607-08.

[14] *Id*. (quoting *State v. Lewis*, 797 A.2d 1198, 1205 (Del. 2002)).

[15] *Id.* at 608.

terms of the original sentence itself."[16]  Thus, the Court may exercise its  inherent authority to modify a sentence (i) when "expressly and affirmatively" reserved, (ii) in the "original sentencing order or first and timely Rule 35(b) motion," (iii) the stated conditions have occurred, and (iv) solely to ensure the primary goal of the original sentencing is preserved."[17]  In this circumstance, Rule 35 is not implicated.[18]

*Analysis*

15.    When presented with a Rule 35 motion, the Court must first determine whether a procedural bar applies, which includes untimeliness and repetitiveness. Here, the Motion was filed more than 90 days after sentencing,[19] and it is Evans' second Rule 35 motion.  Therefore, if Rule 35 were to apply, the Motion would be procedurally barred.[20]

---

[16] *Tollis*, 126 A.3d at 1120 (citation omitted); *State v. Sloman*, 886 A.2d 1257, 1265 (Del. 2005) ("'This Court has consistently held that Delaware courts have the inherent power to vacate, modify or set aside their judgments or Orders.'") (quoting *State v. Guthman*, 619 A.2d 1175, 1178 (Del. 1993)).

[17] *State v. Remedio*, 108 A.3d 326, 330 (Del. Super. 2014) (citations omitted).  *See also State v. Johnson*, 2006 WL 3872849, at *3 (Del. Super. Dec. 7, 2006) (the Court may modify a sentence pursuant to its inherent authority "when it expressly and affirmatively retains its authority over the original and timely filed Rule 35(b) motion to ensure that the primary goal of the sentence is preserved.").

[18] *Sloman*, 886 A.2d at 1265.

[19] Because Evans did not file a direct appeal of his sentence, the sentencing order became final 30 days after it was entered. Super. Ct. Crim. R. 61(i)(1).

[20] *State v. Burton*, 2020 WL 3057888, at *2 (Del. Super. June 5, 2020) (the bar to considering repetitive motions has no exceptions). *See also Jenkins v. State*, 954 A.2d 910, 2008 WL 2721536, at *1 (Del. 2008) (TABLE) (affirming the Superior Court's denial of defendant's Rule 35(b) motion for modification where Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *2 (Del. 2004) (TABLE) (finding that defendant's Rule 35(b) motion for modification "was repetitive, which also precluded its consideration by the Superior Court.").

16.     But, the Court retained jurisdiction in its November 27, 2013 Order, which addressed Evans' first and timely filed Rule 35 motion.  That Order expressly reserved jurisdiction and granted Evans permission to file a second motion for modification after he served 15 years of his sentence.  Because the Order set forth a specific condition, the occurrence of which triggers Evans' ability to seek a modification, Rule 35 is not implicated.  Accordingly, the Court cannot bar the Motion on procedural grounds.[21]

17.     The State's argument that the Court may retain jurisdiction for only a "reasonable time" is misplaced.  In support of its position, the State relies on cases addressing "placeholder" motions.  A defendant's first and timely Rule 35 motion is considered a "placeholder" motion when it requests the court to delay ruling on the motion to some unidentified future date and then base its decision on the defendant's course of conduct in the interim.[22]  Placeholder motions are not permitted because they would allow a defendant to circumvent the Court's rules and they improperly

---

[21] *See, Layton v. State*, 900 A.2d 101 (TABLE), 2006 WL 1223121 (Del. Apr. 24, 2006) (the trial court abused its discretion by denying a motion for sentence modification as procedurally barred under Rule 35 where the original sentencing order retained jurisdiction to consider a modification after completion of Key Programming); *Jones v. State,* 911 A.2d 803 (TABLE), 2006 WL 3054633 (Del. Oct. 17, 2006) (same); *see also Francis v. State*, 918 A.2d 338 (TABLE), 2006 WL 4459527 (Del. Dec. 22, 2006) (recognizing that the modification motion, filed more than 90 days after sentencing, did not implicate Rule 35 because the court previously expressly retained jurisdiction).
[22] *State v. Tollis*, 126 A.3d 1117 (Del. Super. 2016); *State v. Sammons*, 2022 WL 58325 (Del. Super. Jan. 7, 2022); *Jones v. State*, 251 A.2d 113 (Del. 2021).  The State notes that these cases were decided after *Francis*, 2006 WL 4459527 suggesting that these later cases vitiated the ruling in *Francis*.  But nothing in these cases impacts *Francis'* ruling that Rule 35 did not apply to the subsequent motion due to the previous retention of jurisdiction.

7

ask the Court to "engage in a form of judicial parole."[23] Evans' Motion is not a placeholder motion.

18.    However, the Motion is premature and so, the Court cannot address the merits at this time. Evans' sentence was effective June 30, 2012. The Court's retention of jurisdiction permits Evans to seek a reduction after serving 15 years; that is, *after June 30, 2027*. Accordingly, the Motion is DENIED without prejudice.

**IT IS SO ORDERED**.

/s/Kathleen M. Miller
Judge Kathleen M. Miller

cc:    Original to Prothonotary
Dwayne Evans (SBI# 00465428)
Barzilai K. Axelrod, Deputy Attorney General

---

[23] *Tollis*, 126 A.3d at 1123.

8