**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | ID 1411011958 |
| v. | ) | |
| | ) | |
| ANTOINE MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

Date submitted: November 13, 2024
Date decided: February 6, 2025

## <u>ORDER DENYING MOTION FOR SENTENCE MODIFICATION</u>

Having considered Antoine Miller's ("Miller") Motion for Modification ("Motion"), for the reasons below, the Motion is DENIED.

### *Background*

1.     After a nine day trial, Miller was found guilty of Conspiracy to Commit Racketeering ("Racketeering"), Aggravated Possession, two counts of Conspiracy Second Degree, and Possession of Drug Paraphernalia.[1]  Miller was sentenced on November 18, 2015, effective October 30, 2014 as follows: Racketeering: 20 years at Level V; Aggravated Possession: 20 years at Level V to run concurrent with the Racketeering charge; Conspiracy 2nd (first charge): 2 years at Level V suspended for 2 years Level IV DOC Discretion; Conspiracy 2nd (second charge): 2 years Level V,

---

[1] D.I. 52.

1

suspended for 2 years Level III; Possession of Drug Paraphernalia: 6 months Level V, suspended for 1 year Level III.[2]

2.      On November 18, 2015, the Court entered its sentencing order, stating in the notes that: "[i]f defendant has a good disciplinary record, he works to further his education imprisoned and he has a solid, verified plan for work and life after release, he should get serious consideration. [...] Court retains jurisdiction. This sentence should be seriously considered in five years."[3]

3.      On November 15, 2019, Miller filed a Motion for Modification seeking to reduce his Level V time for Level IV Home Confinement and Level III probation.[4] In support, Milled stated that per the original sentencing order, his sentence was ripe for review now that five years had passed since being sentenced.  The Court denied the request on April 15, 2020 stating that though Miller had shown immense growth through his completion of many programs during his incarceration, and showed genuine remorse for his actions, Miller had repeatedly turned to a life of crime, despite his significant criminal history and substantial periods of incarceration prior to this sentence.  The Court concluded that "if Miller seeks in the future to have his prison sentence shortened, 11 *Del. C.* § 4217 is the appropriate vehicle to do so."[5]

---

[2] *Id.*
[3] D.I. 52.
[4] D.I. 80.
[5] D.I. 84.

4.      On October 31, 2024, Miller filed the Motion requesting that five years of the Level V portion his sentence be suspended for 1 year at Level IV DOC Discretion, followed by decreasing levels of probation.[6]  In support of the Motion, Miller states that in the five years since his last modification request, he has remained "nearly disciplinary free" and completed a plethora of programming while incarcerated.[7]

## *Standard of Review*

5.      Criminal Rule 35(b) provides that the Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."  The purpose of the rule is to allow the sentencing judge "'a second chance to consider whether the initial sentence is appropriate.'"[8]  In this 90-day period, the Court retains broad discretion to decide whether the sentence should be altered.[9]

6.      To promote finality of judgments, the Court will consider a Rule 35(b) motion after the 90-day period "only in extraordinary circumstances" or when the DOC files an application pursuant to 11 *Del. C.* § 4217.[10]  A petitioner bears a heavy burden to show "extraordinary circumstances," which are circumstances that "'*specifically justify the delay*', are 'entirely beyond a petitioner's control'; and

---

[6] D.I. 86
[7] *Id.*
[8] *State v. Tollis*, 126 A.3d 1117, 1120 (Del. Super. 2016) (citation omitted).
[9] *Id.*
[10] *Id.* at 1121.

3

'have prevented the [petitioner] from seeking the remedy on a timely basis.'"[11] "And for the purposes of Rule 35(b), 'extraordinary circumstances' have been found only 'when [the petitioner] faces some genuinely compelling change in circumstances that makes a resentencing urgent.'"[12] It is well-settled that "exemplary conduct and/or successful rehabilitation while imprisoned do not qualify as 'extraordinary circumstances'" under Rule 35.[13]

7.      "While participation in rehabilitation programs is commendable, it is well-settled that such participation, in and of itself, is insufficient to merit substantive review of an untimely motion for sentence reduction" under Rule 35(b).[14] This is because "rehabilitative efforts are 'entirely [within] a petitioner's control.'"[15] Additionally, modification of a sentence based on "rehabilitation of the offender" is separately provided for in Section 4217.[16]

8.      Finally, Rule 35(b) provides that the Court "will not consider repetitive requests for reduction of sentence."

[11] *State v. Redden*, 111 A.3d 602, 607 (Del. Super. 2015) (citations omitted) (emphasis in original); *State v. Jones,* 2020 WL 4483673, at *2 (Del. Super. Aug. 4, 2020) (extraordinary circumstances are "[a] highly unusual set of facts that are not commonly associated with a particular thing or event." (citation omitted)).

[12] *Jones,* 2020 WL 4483673, at *2 (quoting *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. 2019) (citation omitted)).

[13] *State v. Liket*, 2002 WL 31133101, at *2 (Del. Super. Sept. 25, 2002); *State v. Lindsey*, 2020 WL 4038015, n.23 (Del. Super. July 17, 2020) (collecting cases).

[14] *Redden*, 111 A.3d at 607-8.

[15] *Id*. (quoting *State v. Lewis*, 797 A.2d 1198, 1205 (Del. 2002)).

[16] *Id.* at 608.

9.      While Rule 35 sets a 90-day time period for filing a motion for modification, the Court retains "'inherent authority [independent of mechanisms provided for by court rule or statute] to modify [its] initial sentence based on the terms of the original sentence itself."[17]  Thus, the Court may exercise its inherent authority to modify a sentence (i) when "expressly and affirmatively" reserved, (ii) in the "original sentencing order or first and timely Rule 35(b) motion," (iii) the stated conditions have occurred, and (iv) solely to ensure the primary goal of the original sentencing is preserved."[18]   In such a circumstance, Rule 35 is not implicated.[19]

## Analysis

10.     Because jurisdiction was retained at the time of Miller's sentencing, Rule 35 was not implicated when he filed his first modification motion in 2019.  The Court entertained the merits of that motion under its inherent authority and the retention of jurisdiction in the original order.  The Court denied Miller's first modification motion and there was no further retention of jurisdiction.  The Court

---

[17] *Tollis*, 126 A.3d at 1120 (citation omitted); *State v. Sloman*, 886 A.2d 1257, 1265 (Del. 2005) ("'This Court has consistently held that Delaware courts have the inherent power to vacate, modify or set aside their judgments or Orders.'") (quoting *State v. Guthman*, 619 A.2d 1175, 1178 (Del. 1993)).

[18] *State v. Remedio*, 108 A.3d 326, 330 (Del. Super. 2014) (citations omitted).  *See also State v. Johnson*, 2006 WL 3872849, at *3 (Del. Super. Dec. 7, 2006) (the Court may modify a sentence pursuant to its inherent authority "when it expressly and affirmatively retains its authority over the original and timely filed Rule 35(b) motion to ensure that the primary goal of the sentence is preserved.").

[19] *Sloman*, 886 A.2d at 1265.

ruled that any further request for a sentence modification was governed by Section 4217.[20]  Accordingly, the Motion is governed by Rule 35.

11.    When presented with a Rule 35 motion, the Court must first determine whether a procedural bar applies, which includes untimeliness and repetitiveness. The Motion was filed more than 90 days after sentencing, and it is Miller's second Rule 35 motion.  Therefore, the Motion is DENIED.

**IT IS SO ORDERED.**


*Kathleen M. Miller*
Judge Kathleen M. Miller


cc:    Original to Prothonotary
       Antoine Miller (SBI# 330520)
       Department of Justice

---

[20] *See* D.I. 84.